73247. HORTON v. WOMBLES et al.
(355 SE2d 124)

BENHAM, Judge.

In his complaint filed September 17, 1981, appellant alleged that the City of Wrightsville negligently repaired a sewer line located near his residence, causing sewage to back up into his home and damage his property. In their answer, appellees, the mayor and city council members of Wrightsville, defended on the grounds that the maintenance of sewers was a governmental function and thus not a proper subject for a tort action; that appellant had sued the wrong parties; and that appellant had failed to give the proper ante litem notice. A motion to dismiss accompanied appellees' answer.

In 1984, appellant filed a motion for summary judgment on the issue of liability. Appellees filed no response to the motion but their counsel appeared at the motion hearing and argued for dismissal of the lawsuit. The trial court granted appellees' motion to dismiss, effectively denying appellant's motion for summary judgment. In his sole enumeration of error, appellant asserts as error the denial of his motion for summary judgment.

1. The appeal of the denial of a motion for summary judgment is generally obtained through the grant of an application for interlocutory review since the denial of summary judgment is usually not a final judgment. In the case at bar, however, the denial of appellant's motion for summary judgment was encompassed in the final judgment, the grant of appellees' motion to dismiss. Therefore, appellant's appeal is not premature. See *Southeast Ceramics v. Klem,* 246 Ga. 294 (1) (271 SE2d 199) (1980).

2. Citing OCGA § 9-11-56, appellant argues the trial court should have granted his motion for summary judgment since appellees failed to respond to his motion. We disagree. Contrary to appellant's argument, OCGA § 9-11-56 does not require an adverse party to respond to a motion for summary judgment. Furthermore, "[t]he opposing party in a summary judgment proceeding is under no duty to present

counter evidence in opposition to the motion for summary judgment until the moving party has produced evidence demanding that judgment. [Cits.]" *Peoples Bank of Bartow County v. Austin*, 159 Ga. App. 223 (2) (283 SE2d 81) (1981). In support of his motion, appellant submitted his affidavit in which he restated his assertions that appellees were responsible for the damage appellant had incurred. The trial court dismissed appellant's complaint on the ground that the maintenance of a sewer system is a governmental function for which an action for negligent performance will not lie. "[T]here is complete unanimity in the holdings of our appellate courts that 'in an action based on negligence alone a municipal corporation is not liable for damage caused by the negligent maintenance of its system of sewerage and drainage, such maintenance being a governmental and not a ministerial function.' [Cit.]" *Johnson v. City of Atlanta*, 117 Ga. App. 586, 589 (161 SE2d 399) (1968).

Since appellant presented no evidence that demanded summary judgment in his favor, the trial court did not err in denying his motion.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED MARCH 18, 1987.

*Floyd Mincey*, for appellant.
*Eric L. Jones*, for appellees.