### A89A0079. HOFFMAN v. DOE.
(381 SE2d 546)

SOGNIER, Judge.

Kathleen Hoffman brought suit against Rickey Neil Singley and an unidentified driver (John Doe) to recover damages arising out of an automobile accident in which she was injured. Hoffman's uninsured motorist carrier, Travelers Insurance Company, was served with a copy of the complaint and summons pursuant to OCGA § 33-7-11 (d). The insurer answered in the name of Doe and moved for summary judgment, which was granted by the trial court. Hoffman appeals.

The record reveals that on the date of the accident appellant was driving west on a two-lane road in Gwinnett County, and Singley was driving east on the same road. Singley testified at deposition that an unidentified vehicle pulled out in front of him suddenly, and in swerving to avoid a collision with that vehicle, he lost control of his car, and as a result crossed the westbound lane at an angle where his vehicle was hit by appellant's car, which was in its proper lane. Singley also testified that after the accident a man approached him and said that he was the driver of the car that had pulled out in front of him, but Singley did not note the man's license number, and the man left the scene while paramedics were attending to Singley. Singley contended the unidentified man was responsible for the accident. Appellant testified at deposition that she remembered seeing no cars on the road but her own and Singley's from the time she entered the road until the time of the accident, and that she did not contend that the collision was caused by an unidentified vehicle which pulled out in front of Singley.

Appellant contends the trial court erred by granting summary judgment in favor of appellee because, contrary to the trial court's findings, she met the requirements in OCGA § 33-7-11 (b) (2) for coverage under the uninsured motorist endorsement in her automobile insurance policy. We disagree and affirm the trial court's grant of summary judgment to appellee.

OCGA § 33-7-11 (b) (2) provides, in pertinent part, that "in order for the insured to recover under the [uninsured motorist] endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, *actual physical contact* must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured. Such physical contact shall not be required if the

*description by the claimant* of how the occurrence occurred is *corroborated* by an eyewitness to the occurrence other than the claimant." (Emphasis supplied.)

We find no merit in appellant's assertion that although it is uncontroverted that there was no actual physical contact between the "phantom" vehicle and either of the two vehicles which collided, appellee's actions in setting in motion a chain of events leading to the collision serve as sufficient "physical contact" to satisfy the statute under this court's holding in *State Farm &c. Ins. Co. v. Carlson*, 130 Ga. App. 27 (1) (202 SE2d 213) (1973). *Carlson* is distinguishable from the case sub judice because in *Carlson* the unidentified vehicle actually struck the car which then hit the insured vehicle, and this court decided that in those factual circumstances the "physical contact" requirement of the statute was satisfied. Further, in *Martin v. Doe*, 174 Ga. App. 156 (329 SE2d 291) (1985), *Carlson* was distinguished on that basis and this court held that where there is no physical contact with a "phantom" car, even by an intervening vehicle, the statutory requirement of actual physical contact is not satisfied. We decline to accept appellant's invitation to overrule *Martin*, supra, and appellant's argument is controlled adversely to her by that case.

In *Universal Security Ins. Co. v. Lowery*, 257 Ga. 363 (359 SE2d 898) (1987), the Supreme Court insisted on a narrow interpretation of OCGA § 33-7-11 (b) (2), saying that "[i]f the General Assembly had intended [something other than the literal meaning of the words used in the statute], it could have so specified." Id. at 363-364. We find that to be dispositive of appellant's contention that filing a complaint against John Doe suffices to satisfy the statute's requirement of a "description" by the "claimant." It is certain that the Legislature knew the difference between a description by the claimant and the pleadings, and consequently appellant's filing suit against John Doe does not constitute a "description by the claimant of how the occurrence occurred."

Appellant contends that the statutory corroboration requirement was satisfied because her description of how the accident occurred was corroborated by an eyewitness to the occurrence other than herself in that Singley and she agree that the accident occurred when Singley lost control of his vehicle, which crossed the centerline and collided with appellant's oncoming vehicle. We cannot agree that this is sufficient. By its plain terms, the statute *applies* only when there is a claim that the accident was caused by an unknown or "phantom" vehicle. It imposes two requirements for recovery under an uninsured motorist endorsement when there is no physical contact between the claimant's vehicle and one operated by an unknown person. The first requirement is "a description by the claimant of how the occurrence occurred." Because the statute addresses only those situations in

which the *claim* is that the accident was caused by an unknown vehicle, it is beyond question that the "description" required by the claimant must at least include such an unknown vehicle. The second requirement is that the description must be corroborated by an eyewitness other than the claimant. This can be read only as requiring that such description be corroborated *in its material allegation*, i.e., implication of the unidentified vehicle, for that is the subject addressed by the statute. " ' "It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature." [Cit.] "The construction must square with common sense and sound reasoning." [Cit.]' [Cit.]" *Stacey v. Caldwell*, 186 Ga. App. 293, 295 (1) (367 SE2d 73) (1988).

By her own admission, not only did appellant not describe the accident as having been caused by an unknown vehicle, she *could not* have so described it because the only vehicles she remembered were her own and that of Singley. She saw no other vehicles. Because claimant's description did not include a "phantom" vehicle, the statute does not apply. Accordingly, no coverage existed under the uninsured motorist endorsement and the trial court did not err by granting summary judgment to appellee.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 4, 1989 —
REHEARING DENIED APRIL 13, 1989 —

*Finch, McCranie, Brown & Thrash, Thomas W. Thrash*, for appellant.

*E. Wycliffe Orr, R. Chris Irwin & Associates, R. Chris Irwin, Thomas C. MacDiarmid*, for appellee.