A90A0424. NATIONAL SURETY CORPORATION v. O'DELL.
(393 SE2d 504)

SOGNIER, Judge.
Larry O'Dell brought suit against "John Doe" to recover damages resulting from a vehicular accident in which he alleged that the unknown motorist failed to yield the right of way or stop at a stop sign, causing O'Dell, who was driving his employer's dump truck, to swerve and crash. O'Dell served National Surety Corporation, the employer's uninsured motorist insurance carrier, which answered in its own name and denied liability based on the lack of contact between O'Dell's vehicle and the John Doe vehicle. The trial court denied the insurer's motion for summary judgment and we granted its application for an interlocutory appeal.

OCGA § 33-7-11 (b) (2) provides that "in order for the insured to recover under the [uninsured motorist] endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by the

unknown person and the person or property of the insured," *except* where "the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant." The parties agree that there was no physical contact between the vehicles in the case sub judice. Appellant contends the trial court erred by denying its motion for summary judgment because the record includes no corroboration by an eyewitness to the incident of appellee's claim that the accident was caused by another vehicle, and thus, because the exception in OCGA § 33-7-11 (b) (2) was not satisfied, appellant was entitled to summary judgment as a matter of law. We agree and reverse.

We note initially that in November 1988 the trial court denied appellant's motion for summary judgment based on the pleadings, discovery, and the depositions then on file. In July 1989, over appellant's objection, the trial court granted appellee's motion to supplement the record pursuant to OCGA § 5-6-41 (f) with another deposition, taken in March 1989. We need not decide whether the trial court acted properly in permitting such supplementation of the record, because we find that even if the supplemental deposition is considered, appellant should have been granted summary judgment.

Appellee claims that his truck was forced to swerve off the road and turn over in a ditch by an unknown vehicle which pulled into his path. Neither J. W. Mason nor David Miller, whose deposition testimony is relied on as corroboration by appellee, actually corroborated appellee's description of how the accident occurred. Both witnesses, who were employed by a convenience store across the road from the scene of the accident, saw the truck overturn, but Mason deposed that "I don't have any idea what caused [appellee's truck] to turn" over and that he had no opinion as to what caused the truck to wreck, and Miller testified at deposition when asked about what caused the accident that he "didn't see that part." Although appellee also relies on the police report of the accident, which states that appellee was traveling west when an unknown vehicle turned out of the store into his path, Mason's deposition testimony that the police officer was not present when the accident occurred was not controverted, and it is clear from the record that the description in the report was based on appellee's statement. Thus, although several witnesses saw the truck turn over, no eyewitness corroborated, except by conjecture, appellee's claim that the accident was caused by the unknown vehicle.

"In *Universal Security Ins. Co. v. Lowery*, 257 Ga. 363 (359 SE2d 898) (1987), the Supreme Court insisted on a narrow interpretation of OCGA § 33-7-11 (b) (2), saying that '(i)f the General Assembly had intended (something other than the literal meaning of the words used in the statute), it could have so specified.' [Cit.]" *Hoffman v. Doe*, 191 Ga. App. 319, 320 (381 SE2d 546) (1989). Because the statute requires

that the claimant's description of how the accident occurred "be corroborated *in its material allegation,* i.e., implication of the unidentified vehicle," id. at 321, and that the corroboration be given by an *eyewitness,* appellee failed to satisfy the requirements of the statute, and the trial court erred by denying appellant's motion for summary judgment.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 16, 1990.

*R. Patrick White Law Offices, Terence A. Martin,* for appellant.
*Cramer, Weaver & Edwards, Christopher C. Edwards,* for appellee.