A90A0696. MAXWELL v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY.
(396 SE2d 291)

CARLEY, Chief Judge.

Seeking to recover for injuries that she sustained when her automobile was struck from behind, appellant-plaintiff Mrs. Wendelin Maxwell filed suit against two named defendants and John Doe. The two named defendants answered, asserting that the collision had been caused by John Doe's negligent operation of his automobile. In its capacity as appellant's uninsured motorist carrier, appellee-defendant State Farm Mutual Automobile Insurance Company was served with a copy of the complaint. Appellee filed a timely answer. Although appellee's answer was denominated as being only that of John Doe and defenses to tort liability were raised therein, the actual body of the answer makes specific reference to appellee as the "putative uninsured motorist carrier" and defenses to contractual liability were also raised therein. Thereafter, appellee filed a motion for summary judgment. Although appellee's motion was denominated as being that of John Doe, it was not predicated upon John Doe's defenses to tort liability, but upon appellee's defenses to contractual liability. The trial court granted this motion for summary judgment and it is from that order that appellant brings this appeal.

1. Unless appellee somehow became a named party defendant to this action, it had no right to seek an adjudication of the viability of its defenses to contractual liability. Moss v. Cincinnati Ins. Co., 154 Ga. App. 165 (268 SE2d 676) (1980). "When the [uninsured motorist carrier] files pleadings in the name of the tortfeasor, only tort liability is at issue; when it files pleadings in its own name, the questions of tort liability as well as coverage are in issue. [Cits.]" Smith v. Phillips, 172 Ga. App. 459, 464 (2) (323 SE2d 669) (1984).

As noted above, appellee filed an answer which was denominated as being only that of John Doe. However, as is likewise noted above, the actual body of the answer identifies appellee as the "putative uninsured motorist carrier" and the answer not only raises John Doe's defenses to tort liability, but also raises appellee's defenses to contractual liability. Thus, regardless of the name in which appellee

elected to file its answer, it is clear that that answer does evidence appellee's election to interject "the potentially prejudicial [issue] into the case of the presence of insurance coverage." *Moss v. Cincinnati Ins. Co.*, supra at 170.

Accordingly, to hold that appellee did not become a named party defendant to this case and had no right to seek an adjudication of the viability of its defenses to contractual liability would be to elevate form over substance. "[T]he substance, rather than the nomenclature, of legal pleadings determines their nature. [Cits.]" *Cotton v. Fed. Land Bank of Columbia*, 246 Ga. 188, 191 (269 SE2d 422) (1980). Therefore, we hold that appellee *did* become a named party defendant to this action, notwithstanding the denomination of its answer and its motion for summary judgment as being only that of John Doe. "With that status comes the right to contest the liability of the alleged tortfeasor *and* any resulting liability under the policy. . . . Of course, with the right to defend there must come the attendant risk of defeat, which would result in a judgment against the insurance carrier in favor of the insured for the amount the insured would be legally entitled to recover from the tortfeasor." (Emphasis supplied.) *Moss v. Cincinnati Ins. Co.*, supra at 170. Because appellee *did* become a named party defendant in the instant action, we need not address the issue of the precedential value of *Hoffman v. Doe*, 191 Ga. App. 319 (381 SE2d 546) (1989) as authority for an uninsured motorist carrier to seek an adjudication of its contractual defenses without ever becoming a *named party* defendant in the underlying action.

2. Turning to the merits of appellee's motion for summary judgment, there was no physical contact between John Doe's vehicle and any vehicle involved in the collision in the instant case. Moreover, appellant never actually saw John Doe's vehicle and her allegation that John Doe's operation of his vehicle was a causal factor in the collision is, therefore, not based upon her personal knowledge. Appellee urges that, under these circumstances, *Hoffman v. Doe*, supra, is controlling as to the substantive merits of its contractual defense in the instant action.

*Hoffman v. Doe*, supra, however, dealt with the general issue of the statutory construction of OCGA § 33-7-11 (b) (2). It is appellant's contention that, under the specific terms of the policy issued to her by appellee, she is afforded more liberal uninsured motorist coverage than would be mandated by OCGA § 33-7-11 (b) (2) as that statutory provision was construed in *Hoffman v. Doe*, supra. "Under basic principles of contract law it is axiomatic that, as long as the provisions of a given contract are in compliance with the requirements of governing statutes, the parties to the contract may include provisions different from, or more liberal than, those prescribed in the statute or statutes." *Jones v. Barnes*, 170 Ga. App. 762, 765 (318 SE2d 164) (1984).

Thus, appellant urges that, "[w]hereas under OCGA § 33-7-11 [(b) (2) as construed in *Hoffman,*] the contract between [herself] and [appellee] *could* have been written so as to exclude [her] from coverage . . ., the plain language of the contractual provisions . . . of the policy [that appellee issued] brings [her] within the document's coverage." (Emphasis supplied.) *Jones v. Barnes*, supra at 765.

The relevant language of the policy that appellee issued to appellant does *not* track that of OCGA § 33-7-11 (b) (2). OCGA § 33-7-11 (b) (2) provides that "physical contact shall not be required if the *description by the claimant* of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant." The instant policy, on the other hand, dispenses with the requirement for physical contact if "the *facts of the accident* can be corroborated by an eyewitness to the occurrence other than [the claimant.]" (Emphasis supplied in part and omitted in part.) That appellee " 'employed different and less explicit language in the instant policy is evidence that it meant to convey a different meaning. . . .' [Cit.]" *United Services Auto. Assoc. v. Lail*, 192 Ga. App. 487, 489 (1) (385 SE2d 424) (1989). Thus, under the policy as drafted by appellee, coverage in the event of non-physical contact would not be dependent upon an independent corroboration of a "description by the claimant of how the occurrence occurred," but merely upon an independent corroboration of "the facts of the accident. . . ."

Unlike the statutory phrase that was construed in *Hoffman v. Doe*, supra, "the facts of the accident" are not necessarily dependent upon the personal observations of the claimant. "The facts of the accident" either exist or they do not regardless of what the claimant himself may or may not have personally seen. Accordingly, unlike the claimant in *Hoffman v. Doe*, supra, appellant would not be required to provide a corroborated firsthand account of the insured event to state a claim for coverage. Appellant can state a claim for coverage under the terms of her policy by merely asserting the existence of facts which are not necessarily within her personal knowledge and she would be entitled to benefits *if* those asserted facts can be corroborated by someone who was an eyewitness to their occurrence. Although *Hoffman v. Doe*, supra, may hold that the statute authorizes a limitation of coverage to those instances wherein the claimant is himself a corroborated eyewitness to the asserted fact of John Doe's involvement, the policy that was issued to appellant by appellee extends coverage to those instances wherein an eyewitness can corroborate John Doe's involvement as an asserted fact by the claimant. Because the policy that was issued by appellee *does* extend broader coverage than would be required under OCGA § 33-7-11 (b) (2) as construed in *Hoffman v. Doe*, supra, we need not address the issue of the continued viability of the narrow construction that was

given to the statutory language in that case.

3. As alleged in her complaint, "the facts of the accident" are such that, if corroborated by an eyewitness to their occurrence, she would be afforded coverage. Under the terms of the policy issued by appellee, it is immaterial that appellant has no personal knowledge of each of those alleged facts and cannot, therefore, provide her own firsthand "description . . . of how the occurrence occurred. . . ." Under the terms of the policy, it is sufficient that an eyewitness other than appellant can corroborate that "the facts of the accident" occurred as alleged by appellant. The record contains the testimony of an eyewitness who corroborates appellant's allegation that "the facts of the accident" are such that she would be afforded coverage. It follows that the trial court erred in granting appellee's motion for summary judgment. Accordingly, the trial court's order is reversed with direction that the order be recast as the denial of appellee's, rather than John Doe's, motion for summary judgment. Genuine issues of material fact remain as to John Doe's tort liability to appellant and, because it elected to become a named party defendant in the instant case, as to appellee's contractual liability to appellant.

*Judgment reversed with direction. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 12, 1990 —
REHEARING DENIED JULY 26, 1990 — CERT. APPLIED FOR.

*Redfern, Green & Hoffman, Brady D. Green,* for appellant.
*Swift, Currie, McGhee & Hiers, Joseph A. Munger, Irwin, Bladen, Baker & Russell, Jennie E. Rogers, Nanne A. Van't Reit,* for appellee.