A90A1292. ATLANTA CASUALTY INSURANCE COMPANY et al. v. CREWS et al.
(397 SE2d 466)

BIRDSONG, Judge.

This is an appeal of the order of the trial court denying appellants' motion for summary judgment and granting appellees' motion for partial summary judgment on the issue of whether defendant John Doe was an uninsured motorist as defined by OCGA § 33-7-11 (b) (2).

Appellee Christine M. Crews was injured when the car she was driving was hit by a red pickup truck driven by Richard C. Hewatt. Both Hewatt and a disinterested third-party witness gave testimony by way of deposition that a dark blue, or a black or dark car driven by a John Doe stopped rapidly in front of Hewatt causing him to brake, lose control of his vehicle on the wet street, and crash into Crews.

In her complaint, appellee Crews avers, inter alia, "that a vehicle

driven by a 'John Doe' defendant wherein both driver and owner are unknown, made a movement which contributed to the [d]efendant Hewatt losing control of his vehicle." By way of deposition, appellee Crews testified that "it was raining and I saw a blur come at me and I woke up in the hospital. That's what I know. . . . It was a dark blur. I just saw it out of the corner of my eye coming. . . ." She also testified that Mr. Bibb, a disinterested third party, had been identified as a witness in her answers to interrogatories.

Appellants' sole enumeration of error is that "[t]he trial court erred in declining to find that Christine Crews cannot sustain an action against her uninsured motorist insurance carriers according to this court's construction of OCGA § 33-7-11 (b) (2)." *Held*:

1. OCGA § 33-7-11 (b) (2), as amended, pertinently provides: "A motor vehicle shall be deemed to be uninsured if the owner or operator of the motor vehicle is unknown. In those cases . . . in order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured. Such physical contact shall not be required if the *description* by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant." (Emphasis supplied.) The last sentence to this Code section was added by the legislature "so as to provide for coverage for accidents caused by unknown motorists where the unknown motorist's vehicle does not physically contact the insured's vehicle." Ga. L. 1983, p. 938, sec. 1.

2. Appellant asserts that this case is controlled by the holding of this court in *Hoffman v. Doe*, 191 Ga. App. 319 (381 SE2d 546). The facts of this case are distinguishable from those in *Hoffman*, and accordingly it is not dispositive of the issue before us. Although the plaintiff in *Hoffman* filed suit against both the driver who injured her and an unidentified John Doe, she "testified at deposition that she remembered seeing no cars on the road but her own and [the car that actually struck her] from the time she entered the road until the time of the accident, and [plaintiff] did not contend that the collision was caused by an unidentified vehicle which pulled out in front of [the driver who struck her]." *Hoffman*, supra. Thus, the testimony of the plaintiff in *Hoffman* tended to repudiate the John Doe averment contained within her pleadings, whereas the testimony of appellant Christine Crews is not incompatible with the material averments in her complaint. This case also is distinguishable from *Yates v. Doe*, 190 Ga. App. 367 (378 SE2d 739), where no witness was available to corroborate plaintiff's description of the incident.

3. In *Universal Security Ins. Co. v. Lowery*, 257 Ga. 363 (359

SE2d 898), the Supreme Court affirmed this court's literal reading of OCGA § 33-7-11 (b) (2). Reading the statute literally once more, we find that on its face it requires only corroboration by an eyewitness, regardless whether the witness is an interested party, of the " 'description by the claimant of how the occurrence occurred.' " *Universal*, supra. In this case there exist both an interested party witness and a disinterested third-party witness who can establish how the accident occurred.

The sole question remaining for resolution is whether by a *combination* of her pleadings and testimony by way of deposition, appellant Christine Crews did provide an adequate description within the meaning of OCGA § 33-7-11 (b) (2).

Following the pattern of logic displayed in both *Universal*, supra, and *Hoffman*, supra, we find that if the legislature had intended that, as a condition precedent to recovery under an uninsured motorist endorsement, a plaintiff must have been able to tender in open court her own eyewitness testimony establishing the requisite causal connection between the John Doe driver and the accident, "it could have so specified." *Universal*, supra at 364.

Further, we do not believe that the legislature intended to create a rule which would arbitrarily preclude coverage, for example, of a victim injured so rapidly or so severely she could not testify as to how the occurrence happened, regardless of the number of competent witnesses available to testify as to the actual involvement of a John Doe driver and his phantom automobile.

Rather, we find that it was the intent of the legislature to create a reasonable rule which would reduce the possibility of fraudulent claims where the phantom vehicle did not cause actual physical contact, while still allowing an innocent automobile victim "coverage for accidents caused by unknown motorists where the unknown motorist vehicle does not physically contact the insured's vehicle," but where the claimant's assertions of a phantom vehicle could be corroborated by an eyewitness. See Ga. L. 1983, supra; OCGA § 1-3-1 (a).

"In all interpretations of statutes, the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter. . . ." OCGA § 1-3-1 (b). The word "description" neither is a word of art nor of any particular trade or subject matter significance. A "description" is "a statement, account, or picture in words that describes; descriptive representation; the act or method of describing." Webster's Encyclopedic Unabridged Dictionary (1989 ed.).

Interpreting OCGA § 33-7-11 (b) by applying the standard definition of the term "description," we are satisfied that the appellees/plaintiffs in this case have at least substantially complied with the requirements of OCGA § 33-7-11 (b), within the meaning of OCGA

§ 1-3-1 (c), and that accordingly the trial court did not commit error as enumerated.

Moreover, appellants have elected not to specify for inclusion in the record answers to interrogatories tendered by appellees, which included appellees' description of the disinterested third party witness. Without access to these documents this court cannot determine whether appellees were in fact in total, rather than substantial, compliance with OCGA § 33-7-11 (b) (2). When a portion of the record is not before this court which is necessary for our determination of one or more of the appellate issues raised, an affirmance as to those issues must result. See *Addis v. Spain*, 225 Ga. 609 (170 SE2d 585); *Smith v. Smith*, 223 Ga. 795 (2) (158 SE2d 679).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 10, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990 — ▉▉▉▉▉

*Chambers, Mabry, McClelland & Brooks, James T. Budd, Murray, Temple & Dinges, William D. Strickland*, for appellants.

*Edgar L. Crossett III, Michael L. Wetzel & Associates, Michael L. Wetzel*, for appellees.