A90A0800. BELL v. CORONET INSURANCE COMPANY.
(398 SE2d 242)

McMurray, Presiding Judge.

On February 29, 1988, plaintiff James Bell brought suit against Rhonda Kay Prohaska and Forest M. Prohaska alleging he was injured in an automobile collision as a direct and proximate result of defendants' negligence. Defendants were served with a copy of the complaint and summons. Answering the complaint, defendants denied they were liable to plaintiff.

Although it was not named as a party defendant, Coronet Insurance Company ("Coronet") was also served with a copy of the complaint and summons. Before Coronet answered the complaint, however, plaintiff filed a dismissal without prejudice with regard to Coronet (which plaintiff therein designated as the uninsured motorist carrier).

Thereafter, plaintiff amended his complaint, named John Doe as an additional party defendant, and alleged that the negligence of Doe contributed to his injuries. Coronet answered the complaint as plaintiff's uninsured motorist carrier and denied that plaintiff's injuries re-

sulted from negligence on the part of any John Doe motorist.

Following discovery, on August 11, 1989, Coronet moved for summary judgment. In support of its summary judgment motion, Coronet directed attention to plaintiff's deposition and answers to interrogatories. Therein, plaintiff stated that the collision was caused by defendant Rhonda Kay Prohaska's negligence. With regard to a John Doe motorist, plaintiff deposed in his deposition that he himself did not see one, but added that immediately following the collision defendant Rhonda Kay Prohaska made reference to such a motorist: "[A]t the time of impact . . . I pulled my — immediately pulled my vehicle over out of the traffic. And I got out and hit my hood and that's when she said — she came back and said, 'Did you see what that bastard did to me?' And I said, 'Who?' And she said, 'That burgundy' . . . LTD. Well, when I looked up, I saw cars going everywhere up Northcrest and she said that's the way the car went . . . I didn't see any vehicle cut in front of her, you know."

Plaintiff responded to Coronet's motion for summary judgment on September 6, 1989. Neither party sought a hearing upon the motion. Subsequently, on November 22, 1989, Coronet submitted a letter brief and another deposition of plaintiff (actually a continuation of plaintiff's deposition taken after Coronet moved for summary judgment) to the superior court. That day, the superior court granted Coronet's motion for summary judgment. This appeal followed. *Held*:

1. In pertinent part, OCGA § 33-7-11 (b) (2) provides: "[I]n order for the insured to recover under the [uninsured motorist] endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured. Such physical contact shall not be required if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant."

"By its plain terms, the statute [OCGA § 33-7-11 (b) (2)] *applies* only when there is a claim that the accident was caused by an unknown or 'phantom' vehicle. It imposes two requirements for recovery under an uninsured motorist endorsement when there is no physical contact between the claimant's vehicle and one operated by an unknown person. The first requirement is 'a description by the claimant of how the occurrence occurred.' Because the statute addresses only those situations in which the *claim* is that the accident was caused by an unknown vehicle, it is beyond question that the 'description' required by the claimant must at least include such an unknown vehicle. The second requirement is that the description must be corroborated by an eyewitness other than the claimant. This can be read only as requiring that such description be corroborated *in its material al-*

*legation*, i.e., implication of the unidentified vehicle, for that is the subject addressed by the statute." *Hoffman v. Doe*, 191 Ga. App. 319, 320, 321 (381 SE2d 546).

In the case sub judice, as in *Hoffman v. Doe*, 191 Ga. App. 319, supra, plaintiff did not include a "phantom" vehicle in his description of the accident. In fact, by his own admission, he saw no such vehicle. Accordingly, plaintiff was not entitled to uninsured motorist coverage under OCGA § 33-7-11 (b) (2) and the superior court did not err in granting Coronet's motion for summary judgment. Compare *Maxwell v. State Farm &c. Ins. Co.*, 196 Ga. App. 545 (396 SE2d 291).

2. Plaintiff contends the superior court erred in granting Coronet's motion for summary judgment because he was not afforded an opportunity to respond to the filing of plaintiff's second deposition before the court made its ruling. We decline to accept this contention. In support of its summary judgment motion, Coronet submitted plaintiff's answers to interrogatories and plaintiff's first deposition. That evidence alone made a prima facie case for Coronet. Responding to Coronet's motion, plaintiff failed to set forth specific facts showing a genuine issue of material fact for trial. Thus, Coronet was entitled to summary judgment even before the second deposition was submitted. See OCGA § 9-11-56 (e). The second deposition of plaintiff, submitted by Coronet, did not really add anything to Coronet's case. In the second deposition, plaintiff simply reiterated his previous testimony, making it clear that he did not see a "phantom" vehicle. Given these circumstances, we fail to see how plaintiff was harmed by the submission of the second deposition just prior to the superior court's ruling. After all, plaintiff "has made 'no claim that there would have been any addition to the record or that a hearing would have changed the state of the record in any way.' [Cit.]" *Sentry Ins. v. Echols*, 174 Ga. App. 541 (1), 542 (330 SE2d 725). Thus, even if the superior court erred in failing to afford plaintiff an opportunity to respond to the submission of the second deposition, such an error was harmless. *Sentry Ins. v. Echols*, 174 Ga. App. 541 (1), supra.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 10, 1990.

*Daniel T. Donohue*, for appellant.

*Lane, O'Brien & Coburn, Stephen J. Caswell, Harper, Waldon & Craig, Russell D. Waldon*, for appellee.