A91A0131. POWELL et al. v. FERREIRA et al.
(402 SE2d 85)

ANDREWS, Judge.

Van P. Powell, a minor child, was attacked and bitten by the defendants'/appellees' dog in September 1988. The child and his father sued the defendants to recover damages, including punitive damages under OCGA § 51-12-5.1. Plaintiffs/appellants claim the trial court erred by granting partial summary judgment in favor of the defendants on the issue of punitive damages.

OCGA § 51-12-5.1 (b) applies to all causes of action arising after July 1, 1987, and provides that: "Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." See *McClure v. Gower*, 259 Ga. 678, 681-682 (385 SE2d 271) (1989). Though OCGA § 51-12-5.1 (b) requires proof of "clear and convincing" evidence to support an award of punitive damages by the trier of fact, on summary judgment the question remains whether a genuine issue of material fact exists as to whether the defendants' actions showed "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b); see *Petrolane Gas Svc. v. Eusery*, 193 Ga. App. 860, 861 (389 SE2d 355) (1989) (construing award of punitive damages under OCGA § 51-12-5). "The cardinal rule of the summary [judgment] procedure is that the court can neither resolve facts nor reconcile the issues but only look to ascertain if there is an issue. [Cit.]" *Daniel v. Bank South Corp.*, 183 Ga. App. 274, 277 (358 SE2d 664) (1987). " '[T]he party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence.' " *Eiberger v. West*, 247 Ga. 767, 769 (281 SE2d 148) (1981).

Accordingly, we construe the evidence and all inferences therefrom in favor of the plaintiffs. The defendants knew their dog had bitten another child about two years prior to this attack. The defendants and their two minor children feared the dog might bite non-family members and took precautions to keep the dog enclosed in their house away from the public.

The present attack occurred inside the defendants' house. The minor plaintiff, Van Powell, was invited over to the defendants' house

by Tyrone Ferreira, the minor son of defendants, Ferreira. The defendants were home, but they were in another part of the house, and were not aware until they heard the attack that Van was in the house with Tyrone. When the two children entered the house they were in a room closed off from the dog. Shortly after they arrived, Tyrone told Van to go outside while he went upstairs in the house to get something to eat. According to Van, Tyrone told him to go outside because he thought the dog might try to charge past him when he opened the door to the room to gain entry to the rest of the house. Van went outside the house, and the outside door was closed. After a few minutes, Van stated that he heard Tyrone's voice from inside the house, and he was "almost positive he [Tyrone] did say to come in . . . And he may have been talking to Blue [the dog] to get him into a room or something. I don't know. But I assume he was talking to me." Tyrone said he remembered calling out to the dog, but did not ask Van to come back in the house. Van opened the door and let himself back into the defendants' house. The room he entered led to a stairway, and as Tyrone came through the door at the top of the stairway, the dog bolted through the open door, down the stairs, and attacked Van.

The defendants did not want other people's children in their house because of the previous dog bite incident. Although the defendants' children claimed they did not invite friends over to the house, there was evidence that Van had been in the defendants' house on one occasion prior to the attack. Only after the dog attacked Van was Tyrone told by defendants that he was not allowed to bring friends over to the house. Defendant Daley (now Mrs. Ferreira) deposed that since they did not expect a non-family member to be in the house, they took no particular precautions to confine the dog to a portion of the house. According to the Ferreira children, when non-family members were invited over to the house, they kept the dog closed off in another room.

In order to establish liability in a dog bite case, "[i]t must appear that the animal had a propensity to do the act which caused the injury and that the defendant knew of it." *Chandler v. Gately*, 119 Ga. App. 513, 519 (167 SE2d 697) (1969). The issue on summary judgment is whether, in light of the defendants' knowledge of the previous dog bite, the actions they took or failed to take to prevent a similar occurrence amounted to evidence of wilful or wanton misconduct or that entire absence of care that raises the presumption of conscious indifference to the consequences. In *Parsons v. Ponder*, 161 Ga. App. 723 (288 SE2d 751) (1982) this court found sufficient evidence to support the jury's punitive damages award where the defendant knew the dog had previously bitten another person, and, despite that knowledge, the dog was allowed to roam free. Contrary to Parsons, the evidence here shows the defendants exercised at least some degree of

care to confine the dog in their house, and keep it closed off in another room when they knew a non-family member was present. Though the defendants' lack of strict control over access to the house by non-family members may have amounted to negligence, even gross negligence, it is not evidence of wilful misconduct or an entire want of care necessary to create a genuine issue with respect to punitive damages. See *Alliance Transp. v. Mayer*, 165 Ga. App. 344, 345 (301 SE2d 290) (1983) (mere negligence alone, although gross, will not authorize the recovery of punitive damages).

We find no merit in the plaintiffs' contentions that the trial court improperly construed the evidence or applied an erroneous "clear and convincing" standard to the summary judgment motion. The trial court properly granted partial summary judgment in favor of defendants on the issue of punitive damages.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 1, 1991.

*Valente & Strauss, John J. Strauss*, for appellants.
*Downey, Cleveland, Parker & Williams, William S. Allred*, for appellees.