A92A0512. CURTIS v. ALLSTATE INSURANCE COMPANY.
(416 SE2d 359)

McMURRAY, Presiding Judge.

Barbara Curtis (plaintiff) brought an action against unknown motorist "John Doe" alleging she was injured in an automobile collision as a result of Doe's negligence. Plaintiff served Allstate Insurance

Company ("Allstate") as the uninsured motorist carrier under OCGA § 33-7-11 (d). Allstate subsequently filed a motion for summary judgment.

Plaintiff gave a deposition and testified that she was involved in an automobile collision on November 17, 1988. Kathy Bembry deposed in an affidavit that she collided into the rear of plaintiff's vehicle while attempting to avoid a negligently driven "white pickup truck. . . ." Robert Kimbrough deposed in an affidavit that he was involved in the November 17, 1988, collision and that he saw Kathy Bembry evade a negligently driven "white pickup truck . . ." and collide into plaintiff's automobile. Plaintiff testified that she did not see the unidentified white pickup truck.

The trial court granted Allstate's motion for summary judgment. This appeal followed. *Held*:

"[I]n order for the insured to recover under the [uninsured motorist] endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured. Such physical contact shall not be required if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant." OCGA § 33-7-11 (b) (2).

It is undisputed that the unidentified "white pickup truck . . ." never made physical contact with any vehicle involved in the collision which gave rise to the case sub judice. It is also undisputed that plaintiff never saw an unidentified "white pickup truck . . ." contribute to the collision. Under these circumstances, plaintiff is not entitled to uninsured motorist coverage under OCGA § 33-7-11 (b) (2). *Bell v. Coronet Ins. Co.*, 197 Ga. App. 211, 212 (1) (398 SE2d 242). The trial court did not err in entering summary judgment for Allstate.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED FEBRUARY 20, 1992.

*Victor Alexander, Jr., Kenneth S. Nugent*, for appellant.
*Chambers, Mabry, McClelland & Brooks, David A. Komie*, for appellee.