A95A1562. HILL et al. v. DEMERY.
(464 SE2d 831)

ANDREWS, Judge.

This case is before us on appeal from the trial court's ruling that Grange Mutual Casualty Company ("Grange Mutual") was not a

---

named party-defendant in the case. We affirm the ruling of the trial court.

The underlying tort claim in this case arose on February 4, 1991, when Demery's car hit the rear end of Hill's car while he was stopped in traffic. On October 29, 1992, Hill and his wife sued Demery for lower back injuries which Hill claimed to have received in the accident. Demery's insurance paid the Hills $15,000, the policy limits of Demery's policy. The Hills also served Grange Mutual, Hill's auto insurance company, with a courtesy copy of the complaint.

On March 4, 1993, Grange Mutual filed a motion to dismiss or for summary judgment, contending that the statute of limitation as to Hill's claim for underinsured motorist benefits had expired. On April 26, 1993, the Hills dismissed their original complaint. They filed a renewal action on April 30, 1993, and served Grange Mutual on May 6, 1993. Grange Mutual again filed a motion to dismiss or for summary judgment, which was denied. Grange Mutual filed an application for immediate review to the Court of Appeals, which was also denied.

On October 31, 1994, the case was called for trial. Before the start of trial, the court ruled that Grange Mutual was not a party to the suit because it had at all times exercised its rights in the name of the defendant and had not made itself a party to the proceedings. The case went to trial with Demery as the sole defendant and the jury returned a verdict for Demery.

The Hills filed a motion for new trial based on general grounds and the court's ruling that Grange Mutual was not a named party. The trial court denied the motion for new trial and this appeal followed.

OCGA § 33-7-11 (d) provides "the insurance company shall have the right to file pleadings and take other action allowable by law in the name of 'John Doe' or itself." The status of the insurance company "is determined by the nature of its filing election before the trial court." *Langford v. Royal Indem. Co.*, 208 Ga. App. 128, 129 (430 SE2d 98) (1993). When the insurance company files an answer in its own name rather than in the name of the underinsured motorist or John Doe, then it assumes the status of a named party as a matter of law. *Langford*, supra; *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 169 (268 SE2d 676) (1980).

The Hills contend that once Grange Mutual filed the motion to dismiss raising the issue of the statute of limitation, it elected to defend in its own name and, therefore, became a party in the lawsuit. Grange Mutual argues that it never filed an answer and never filed pleadings in its own name, but always on behalf of Demery. Further, Grange Mutual points out that in the motion to dismiss it specifically stated that it was exercising its option to appear in the case in the

name of the underinsured motorist and was not waiving that option by the filing of the motion. In addition, the motion stated that it was not raising a policy or contractual defense, but merely a statute of limitation defense. In any event, Grange Mutual contends that even if it had defended in its own name, it had the right to withdraw that election and defend only in the name of the underinsured motorist at trial.

The Hills argue that the statute of limitation defense was available only to Grange Mutual in its own name. Further, they point out that the caption of Grange Mutual's application for immediate review showed "Grange Mutual Casualty Co." as the petitioner.

The Hills cite *Maxwell v. State Farm &c. Ins. Co.*, 196 Ga. App. 545 (396 SE2d 291) (1990), as authority for their proposition that to hold that Grange Mutual did not become a named party defendant would be to elevate form over substance. In *Maxwell*, the insurance company filed an answer in the name of John Doe. But, the defenses raised in the answer were not only as to John Doe's tort liability but also defenses as to the insurance company's contractual liability. The appellants claimed that since the insurance company had filed in the name of John Doe, it was not a party to the case and had no right to seek an adjudication of its liability on the contract. The *Maxwell* court held that the insurance company did become a named party defendant, even though the pleadings were filed in the name of John Doe, and therefore had the right to contest liability under the policy as well as liability of the tortfeasor. *Maxwell*, supra at 546.

The issue in the instant case is slightly different. Grange Mutual was not seeking to be allowed to contest contractual liability under the policy. Initially, it raised the issue of a statute of limitation bar to the action. However, the Georgia Supreme Court's decision in *Hobbs v. Arthur*, 264 Ga. 359 (444 SE2d 322) (1994), resolved that issue before trial. Grange Mutual raised no other defenses as to contractual liability. Further, Grange Mutual never filed an answer and always stated that it was not electing to defend in its own name and did not intend to waive that election by raising the issue of the statute of limitation. This Court held in *Langford*, supra, that the actions of the insurance company would have made it a party to the action even if it had filed an answer only in the name of John Doe. But, in *Langford*, the company did file an answer and amended answer in its own name and, in addition, requested that the claim against it be dismissed, filed in its own name a request for discovery and a motion for summary judgment, and elected to litigate the question of coverage under the policy. *Langford*, supra at 129. That is a very different situation from the one in the instant case.

Moreover, in *Keenan v. Hill*, 190 Ga. App. 108 (378 SE2d 344) (1989), this Court stated: "We see no reason, however, to require an

uninsured motorist carrier to continue to proceed in its own name simply because it elected to do so initially." *Keenan*, supra at 109. Although *Keenan* involved an insurance company that had settled its claim with the plaintiff prior to trial and was dismissed from the proceedings, the same reasoning also applies to this case. The only issue as to contractual liability had been decided and Grange Mutual was defending only in the tort case against Demery at trial.

Accordingly, we find that Grange Mutual did not become a named party defendant by initially raising a statute of limitation defense in the motion to dismiss or for summary judgment. Further, even if the raising of this defense could be construed as electing to proceed in its own name, once that issue was decided, there were no further issues as to Grange Mutual's contractual liability and it could elect to withdraw prior to trial and defend only in the tort case against Demery. *Keenan*, supra at 109.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur in the judgment only.*

DECIDED NOVEMBER 15, 1995 —
RECONSIDERATION DISMISSED NOVEMBER 30, 1995 —

*Kent, Williamson & Brannon, A. Martin Kent*, for appellants.
*Whelchel, Brown, Readdick & Bumgartner, John E. Bumgartner*, for appellee.

