### 77276. YATES v. DOE.
(378 SE2d 739)

BENHAM, Judge.

Appellant Yates was injured when the automobile she was driving struck a utility pole. Maintaining that she struck the pole when

she swerved to avoid a collision with an automobile whose unknown driver had disregarded a stop sign, appellant filed suit against John Doe and served her uninsured motorist carrier (UMC). The UMC sought summary judgment on the ground that appellant had not provided the necessary corroborative evidence required by OCGA § 33-7-11 (b) (2). The trial court granted summary judgment to the UMC, and this appeal followed.

"[I]n order for the insured to recover under the [uninsured motorist] endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured. Such physical contact shall not be required if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant." OCGA § 33-7-11 (b) (2).

On deposition, appellant testified that she swerved, thereby hitting the utility pole, to avoid colliding with a car whose driver ignored a stop sign and drove off after she had hit the pole. She testified that "a car coming up behind [the law-breaking driver] stopped . . . and he parked on the side and came over to where [she was]." The stranger had someone call the police and returned to the scene to await the arrival of an officer. Appellant testified that the man told her he had seen it all, and that he told the police what happened. Appellant did not know the stranger's name or how to contact him.

The officer who responded to appellant's automobile accident executed an affidavit in which he stated that appellant told him that she had struck the utility pole when she swerved to avoid a car running a stop sign. The officer averred that "[t]here was a black male standing near [appellant] who appeared to agree to the facts as stated by [appellant]." When the officer turned to question the man, he had left the scene. The officer stated that appellant told him the man was an eyewitness to the accident.

Appellant maintains that the statutory corroboration is established by the officer's sworn recollection that the unidentified man appeared to agree with appellant's statement of the facts of the collision. Even if we were inclined to endorse appellant's broad definition of "corroboration," we cannot agree with her conclusion that the unidentified stranger was an "eyewitness" to the occurrence. Appellant testified that the stranger had told her he had seen it all, but she admitted that she could not say what he had seen. Thus, appellant's conclusion that the stranger was an eyewitness is hearsay, and is without probative value. See *Roberson v. State*, 187 Ga. App. 485, 487 (370 SE2d 661) (1988). Compare *State Farm &c. Ins. Co. v. Yancey*, 188 Ga. App. 8 (371 SE2d 883) (1988); *Universal Security Ins. Co. v.*

*Lowery*, 182 Ga. App. 125 (354 SE2d 840), aff'd 257 Ga. 363 (359 SE2d 898) (1987). Nothing in the police officer's affidavit supports the conclusion that the stranger was an eyewitness to the collision. Without that crucial ingredient, appellant was unable to satisfy the requirement of OCGA § 33-7-11 (b) (2), and the trial court did not err in granting summary judgment to the UMC.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 20, 1989.

*P. Dewey Gill*, for appellant.
*Robert A. Reichert, Jonathan A. Alderman*, for appellee.