*David O. Harris,* pro se.

A91A0856. GARRETT v. STANDARD GUARANTY INSURANCE COMPANY.
(410 SE2d 806)

CARLEY, Presiding Judge.

Appellant-plaintiff initiated this action against John Doe and caused appellee-defendant to be served in its capacity as her uninsured motorist carrier. Appellee not only answered on behalf of John Doe, it also became a party to the action. See generally *Moss v. Cincinnati Ins. Co.,* 154 Ga. App. 165 (268 SE2d 676) (1980). The case was tried before a jury and, at the close of the evidence, appellee moved not only for a directed verdict as to John Doe's tort liability, but also for a directed verdict as to its own contractual liability. The trial court denied the motion as to John Doe, but granted the motion as to appellee. The trial court directed the jury to return a verdict in appellee's favor and appellant appeals from the judgment that was entered on this verdict.

Although appellant might not have to produce corroborative evidence so as to recover in tort against John Doe, she would have to produce corroborative evidence so as to recover in contract against appellee. OCGA § 33-7-11 (b) (2) provides, in relevant part, that physical contact between the vehicle of John Doe and the vehicle of the insured "shall not be required if the description by the [insured] of how the occurrence occurred is corroborated by an eyewitness to

the occurrence other than the claimant." "This can be read only as requiring that [the insured's] description be corroborated in *its material allegation*, i.e., implication of the unidentified vehicle [as a causal factor in the underlying occurrence]. . . ." (Emphasis in original.) *Hoffman v. Doe*, 191 Ga. App. 319, 321 (381 SE2d 546) (1989). In determining whether this corroboration requirement was met in the instant case, the evidence, and all reasonable deductions therefrom, must be construed most favorably for appellant. OCGA § 9-11-50 (a).

The driver of a vehicle which had collided with the rear of appellant's vehicle testified as follows: "[A] car pull[ed] in front of [appellant] which caused her to hit on brakes . . . and that made me hit her." This eyewitness testimony would certainly implicate the unidentified vehicle as a causal factor in the underlying occurrence upon which appellant predicated her tort claim against John Doe. It is not required that an eyewitness corroborate each and every detail of the insured's description. All that is required is an eyewitness' corroboration of the insured's contention "that the accident was caused by an unknown vehicle." *Hoffman v. Doe*, supra at 321. The eyewitness in the instant case may have failed to corroborate appellant in some respects and may have actually contradicted appellant in other respects. Those failures and contradictions would be relevant to the jury's resolution of the issue of credibility. However, so long as appellant produced an eyewitness who testified not only to the existence of an unknown car, but who also implicated the unknown car as a causal factor in the underlying occurrence, the evidentiary requirements of OCGA § 33-7-11 (b) (2) were met and the trial court erred in granting appellee's motion for a directed verdict. "While the evidence here may be subject to credibility concerns, it is nonetheless sufficient." *Universal Security Ins. Co. v. Lowery*, 257 Ga. 363 (359 SE2d 898) (1987).

Appellee urges on appeal that appellant's own testimony was self-contradictory, vague and equivocal and that, under the most unfavorable version of her testimony, John Doe's vehicle did not play a part in the occurrence. However, the sufficiency of appellant's own testimony is obviously an entirely different issue than that of the sufficiency of the corroborative evidence. Appellee's motion for a directed verdict was predicated entirely upon the lack of corroborative evidence and in no way upon the insufficiency of appellant's testimony. " 'A ground not mentioned in a motion for directed verdict cannot thereafter be raised on appeal. [Cits.]' [Cits.]" *Grabowski v. Radiology Assoc., P.A.*, 181 Ga. App. 298, 299 (2) (352 SE2d 185) (1986). Moreover, the trial court obviously found appellant's testimony to be sufficient, as it denied appellee's motion for a directed verdict as to John Doe's tort liability.

Construing the testimony of the eyewitness most favorably for

appellant, appellant met her evidentiary burden and satisfied the corroborative evidence requirement of OCGA § 33-7-11 (b) (2).

*Judgment reversed. Sognier, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 19, 1991.

*Beauchamp & Associates, Robert M. Beauchamp,* for appellant.
*Perry, Walters & Lippitt, Jesse W. Walters,* for appellee.