A92A1471. WALKER v. UNITED SERVICES AUTOMOBILE ASSOCIATION.
(423 SE2d 299)

CARLEY, Presiding Judge.

Appellant-plaintiff filed suit against John Doe and appellee-defendant served in its capacity as her uninsured motorist carrier. Appellee answered in its own name and moved for summary judgment. The trial court granted appellee's motion and appellant appeals.

There was no physical contact between John Doe's and appellant's vehicles. The statutory law regarding uninsured motorist coverage provides that "physical contact shall not be required if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant." OCGA § 33-7-11 (b) (2). Under the undisputed evidence of record, there is no eyewitness corroboration such as would satisfy OCGA § 33-7-11 (b) (2). See *Rogers v. Schuman-Mann Supply Co.*, 197 Ga. App. 59 (1) (397 SE2d 463) (1990); *National Sur. Corp. v. O'Dell*, 195 Ga. App. 374, 375-376 (393 SE2d 504) (1990). Compare *Garrett v. Standard Guar. Ins. Co.*, 201 Ga. App. 251 (410 SE2d 806) (1991).

However, appellee's liability is contractual, not statutory. Accordingly, unless the policy issued by appellee to appellant actually limits uninsured motorist coverage in the manner authorized by OCGA § 33-7-11 (b) (2), appellant's failure to have produced corroborative evidence in accordance therewith would be immaterial. "[U]nder the specific terms of the policy issued to [appellant] by appellee, she [may be] afforded more liberal uninsured motorist coverage than would be mandated by OCGA § 33-7-11 (b) (2). . . . 'Under basic principles of contract law it is axiomatic that, as long as the provisions of a given contract are in compliance with the requirements of governing statutes, the parties to the contract may include provisions different from, or more liberal than, those prescribed in the statute or statutes.' [Cit.] Thus, . . . '(w)hereas under OCGA § 33-7-11 (b) (2) . . . ,) the contract between [appellant] and (appellee) *could* have been written so as to exclude (her) from coverage . . . , the . . . language of the contractual provisions . . . of the policy (that appellee issued) [*may*

bring] (her) within the document's coverage.' [Cit.]" (Emphasis supplied in part.) *Maxwell v. State Farm Mut. Auto. Ins. Co.*, 196 Ga. App. 545, 546-547 (2) (396 SE2d 291) (1990).

The burden was on appellee, as the movant for summary judgment to show that no genuine issue of material fact remained. In support of its motion, however, appellee did not introduce a copy of the policy that it issued to appellant and a copy of that policy does not otherwise appear of record. It follows that appellee failed to show the applicability of the corroboration requirement authorized by OCGA § 33-7-11 (b) (2) and that the trial court erred in granting summary judgment in favor of appellee. Compare *Carter v. Early Am. Ins. Co. of Montgomery, Ala.*, 191 Ga. App. 820 (383 SE2d 185) (1989); *Lauer v. Bodner*, 137 Ga. App. 851, 852 (2) (225 SE2d 69) (1976).

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED OCTOBER 2, 1992.

*Lamb & Associates, T. Gordon Lamb, S. Robert Hahn, Jr.*, for appellant.

*Bovis, Kyle & Burch, W. Bruce Barrickman, Michaela S. Young, John K. Fitzgerald*, for appellee.