A94A1363. MEREDITH v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY et al.
(450 SE2d 322)

POPE, Chief Judge.

Plaintiff Thomas Meredith appeals the trial court's order granting summary judgment to his uninsured motorist carrier, Nationwide Mutual Fire Insurance Company.

On December 21, 1989, plaintiff was driving a Ford tandem dump truck on Fulton Industrial Boulevard for his employer, Siskey Hauling & Grading Company. Plaintiff claims that on that date an unidentified "John Doe" driver in the lane directly to the right of plaintiff's truck, without warning or signal, quickly cut in front of plaintiff and caused him to apply his brakes and skid to a sudden stop. It is undisputed that there was no physical contact between plaintiff's truck and the John Doe vehicle. Plaintiff claims he was injured when another Siskey-owned dump truck, driven by Carl Waites, was unable to stop and subsequently rear-ended plaintiff's truck.

In his complaint, plaintiff named the unidentified John Doe motorist as a defendant. Additionally, plaintiff served Nationwide as his uninsured motorist carrier. Nationwide answered in its own name and, after discovery, filed a motion for summary judgment contending that plaintiff had failed to produce a corroborating eyewitness to the incident as required by OCGA § 33-7-11 (b) (2). The trial court granted summary judgment to Nationwide, and plaintiff appeals.

Plaintiff contends the trial court erred in granting summary judgment to Nationwide because genuine issues of material fact remain in this case and because plaintiff has complied with the requirements of OCGA § 33-7-11 (b) (2) by submitting the affidavit of a corroborating witness, Carl Waites. We agree and therefore reverse the trial court.

OCGA § 33-7-11 (b) (2) in pertinent part provides that: "A mo-

tor vehicle shall be deemed to be uninsured if the owner or operator of the motor vehicle is unknown. In those cases . . . in order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured. Such physical contact shall not be required *if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant.*" (Emphasis supplied.) We previously have held that the last sentence of OCGA § 33-7-11 (b) (2) requires only " 'that (the insured's) description be corroborated in *its material allegation,* i.e., implication of the unidentified vehicle (as a causal factor in the underlying occurrence). . . .' (Emphasis in original.) *Hoffman v. Doe*, 191 Ga. App. 319, 321 (381 SE2d 546) (1989)." *Garrett v. Standard Guaranty Ins. Co.*, 201 Ga. App. 251, 252 (410 SE2d 806) (1991).

In this case, Carl Waites testified by affidavit as follows: "At the time of the accident I was driving a Siskey Hauling and Grading Company dump truck following a Siskey dump truck driven by Thomas Meredith. . . . Suddenly and without warning, an unidentified and unknown driver swerved into our lane of traffic, directly in front of the vehicle driven by Mr. Meredith, and stopped. Mr. Meredith then turned his vehicle and applied his brakes forcefully in an attempt to avoid hitting the unidentified vehicle. Because Meredith's vehicle came to a sudden stop directly in front of me, there was no way I could avoid hitting the truck driven by Mr. Meredith. . . . My vehicle rear-ended the truck driven by Mr. Meredith." Mr. Waites also specifically stated in his affidavit that the accident was caused by the unknown driver's improper lane change. "This eyewitness testimony would certainly implicate the unidentified vehicle as a causal factor in the underlying occurrence upon which [plaintiff] predicated [his] tort claim against John Doe. It is not required that an eyewitness corroborate each and every detail of the insured's description. All that is required is an eyewitness' corroboration of the insured's contention 'that the accident was caused by an unknown vehicle.' *Hoffman v. Doe*, supra at 321. The eyewitness in the instant case may have failed to corroborate [plaintiff] in some respects and may have actually contradicted [plaintiff] in other respects. Those failures and contradictions would be relevant to the jury's resolution of the issue of credibility. However, so long as [plaintiff] produced an eyewitness who testified not only to the existence of an unknown car, but who also implicated the unknown car as a causal factor in the underlying occurrence, the evidentiary requirements of OCGA § 33-7-11 (b) (2) were met." *Garrett*, 201 Ga. App. at 252.

We find no merit in Nationwide's contention that the contradictory testimony rule is applicable in this case. That rule states that "a *party's self-conflicting testimony* is to be construed against him." (Citations and punctuation omitted; emphasis supplied.) *Stone v. Dayton Hudson Corp.*, 193 Ga. App. 752, 755 (388 SE2d 909) (1989). In this case the testimony Nationwide points to is not self-conflicting.

In light of the above, we conclude that plaintiff met the corroborative evidence requirement of OCGA § 33-7-11 (b) (2) and that, therefore, the trial court erred in granting summary judgment to Nationwide.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 21, 1994.

*Lipscomb, Johnson, Ashway & Sleister, Charles G. Haldi, Jr.,* for appellant.
*Murray & Temple, William D. Strickland, John C. McCaffery,* for appellees.