A95A2671. CARTER et al. v. BENNETT et al.
(469 SE2d 279)

McMURRAY, Presiding Judge.

Plaintiff Timothy Carter brought this tort action against defendant John P. Bennett and John Doe, seeking to recover for personal injuries sustained in an automobile collision. Plaintiff Cindi Carter seeks to recover for loss of consortium. Jefferson-Pilot Fire & Casualty, served as the "purported uninsured motorist [(UM)] carrier," answered and denied coverage.

At the time of the collision, Timothy Carter was driving a van owned by his employer, Republic Data Corporation, and insured by Southern Fire & Casualty Company. According to the complaint, defendant John P. Bennett "without warning crossed from the outside north bound lane on Austell Road into the inside north bound lane striking Plaintiff's [employer's] vehicle. . . . Defendant, JOHN DOE, [an unknown driver,] contributed to the cause of the collision by negligently and unreasonably moving into Defendant, JOHN P. BENNETT'S, path of travel without first ascertaining whether such movement could be done safely." In his answers to interrogatories, defendant John P. Bennett averred that "an unidentified vehicle driven by, what appeared to be a woman, cut in front of his vehicle. In reaction to the unidentified vehicle, Defendant [John P.] Bennett attempted to move into the lane to his left to avoid impact with the unidentified vehicle. Unfortunately, a minor impact occurred between Defendant's vehicle and the vehicle driven by the Plaintiff." In defendant John P. Bennett's view, the "sole cause of this accident was the phantom vehicle that failed to stop or yield the right-of-way when it pulled from Floyd Road onto Austell Road." At his own deposition, however, plaintiff Timothy Carter affirmed that he "never saw this unidentified vehicle at all[; and that] the very first time [plaintiff] knew anything about an unidentified vehicle was when [he] got a copy of the police report. . . ."

Southern Fire & Casualty Company, a "wholly owned subsidiary of Jefferson-Pilot Fire & Casualty Company," appeared and defended on the ground that plaintiff Timothy Carter himself never saw the phantom vehicle described by defendant John P. Bennett. The trial court granted summary judgment on that basis and this appeal followed. *Held:*

1. In their second enumeration, plaintiffs contend the "uninsured motorist provisions of the insurance policy provide coverage . . . independently of OCGA § 33-7-11." Under the specific terms of the pol-

icy issued by Southern Fire & Casualty Company, the insured may be afforded more liberal uninsured motorist coverage than would be mandated by OCGA § 33-7-11 (b) (2), in which case the alleged failure of plaintiffs to establish the statutory eyewitness corroboration in lieu of physical impact with a phantom vehicle would be irrelevant. *Walker v. United Svcs. Auto. Assn.*, 205 Ga. App. 693 (423 SE2d 299). In the case sub judice, however, we are unable to address the merits of this contention, as the Georgia Uninsured Motorist Coverage Endorsement quoted by plaintiffs in their brief does not appear in the record as transmitted to this Court from the trial court. *Nixon v. Rosenthal*, 214 Ga. App. 446, 447 (3) (448 SE2d 45). For aught that appears of record, this contention was not raised in the trial court but is argued for the first time on appeal. Consequently, the ground urged in this enumeration presents nothing for appellate review. See, e.g., *Kumar v. Hall*, 262 Ga. 639, 644 (3) (423 SE2d 653).

2. OCGA § 33-7-11 (b) (2) provides in part: "[I]n order for the insured to recover under the [uninsured motorist] endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured. Such physical contact shall not be required if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant." In related enumerations, plaintiffs contend the trial court erred in granting summary judgment to the purported UM carrier, arguing that Timothy Carter "satisfied the description requirement of OCGA § 33-7-11 (b) (2), by pleading how the accident occurred in his complaint[, . . . since that Code section] does not require that [plaintiff] personally observe the phantom vehicle to satisfy the statute." This contention is, however, controlled adversely to plaintiffs, for the following reasons:

This Court has expressly ruled that "filing suit against John Doe does not constitute a 'description by the claimant of how the occurrence occurred,' [as required by OCGA § 33-7-11 (b) (2)]. . . . Because the statute addresses only those situations in which the *claim* is that the accident was caused by an unknown vehicle, it is beyond question that the 'description' required by the claimant must at least include such an unknown vehicle." (Emphasis in original.) *Hoffman v. Doe*, 191 Ga. App. 319, 320 (381 SE2d 546). In the case sub judice, "not only did [Timothy Carter] not describe the accident as having been caused by an unknown vehicle, [he] could not have so described it because the only vehicles [he] remembered were [his] own and that of [defendant John P. Bennett]. . . . Because [plaintiff Timothy Carter's] description did not include a 'phantom' vehicle, [OCGA

§ 33-7-11] does not apply. Accordingly, no coverage existed under the uninsured motorist endorsement and the trial court did not err by granting summary judgment to [the insurer]." *Hoffman v. Doe*, 191 Ga. App. 319, 321, supra.

3. Plaintiffs' remaining contentions have been considered and are found to be without merit.

*Judgment affirmed. Andrews, J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED FEBRUARY 8, 1996.

*Dudley, Norton & Singleton, Ainsworth G. Dudley, Jr.*, for appellants.

*McLain & Merritt, William S. Sutton, Downey & Cleveland, Todd E. Hatcher*, for appellees.