A97A1646. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. SWETMON.
(492 SE2d 678)

RUFFIN, Judge.

Dwight H. Swetmon sued a John Doe driver for injuries and damages sustained in an automobile collision and served a copy of the complaint on State Farm Mutual Automobile Insurance Company ("State Farm"), his uninsured motorist carrier. State Farm answered and subsequently moved for summary judgment on the ground that Swetmon failed to meet the requirements of OCGA § 33-7-11 (b) (2). After the trial court denied its motion, State Farm applied for an interlocutory appeal to this Court. We granted State Farm's application, and for reasons which follow, we affirm.

On summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that the undisputed facts, viewed in the light most favorable to the nonmoving party, require judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In its sole enumeration of error, State Farm argues that it met this burden by showing that Swetmon could not satisfy OCGA § 33-7-11 (b) (2). Pursuant to that section, "in order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured. Such physical contact shall not be required if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant." OCGA § 33-7-11 (b) (2).

Swetmon does not allege any physical contact between his vehicle and John Doe. To meet the evidentiary requirements of OCGA § 33-7-11 (b) (2), therefore, Swetmon must present evidence from an eyewitness corroborating his description of how the collision occurred. Id. That eyewitness need not corroborate every detail of his

description; " '[a]ll that is required is an eyewitness' corroboration of the insured's contention "that the accident was caused by an unknown vehicle." [Cit.]' " *Meredith v. Nationwide Mut. Fire Ins. Co.*, 215 Ga. App. 286, 287 (450 SE2d 322) (1994).

According to Swetmon, a truck driven by an unidentified individual crossed into his lane of travel, forcing him "to drive his vehicle up and onto the curb and down the sidewalk and to strike a fixed utility pole." Swetmon further claims that the truck failed to stop after forcing him from the road. The record contains a Motor Vehicle Accident Report listing Price Steele as the only witness to the incident.[1] With its summary judgment motion, State Farm submitted an affidavit executed by Steele, who averred that he did not see Swetmon's vehicle until it hit the utility pole and did not witness the truck force Swetmon off of the road. Based upon this affidavit, State Farm argues that Swetmon has no eyewitness corroboration for his version of the incident.

In response to summary judgment, Swetmon presented the affidavit of William Pepples, the City of Atlanta Police Officer who investigated the collision. Pepples' affidavit provides as follows: "As part of the investigation of the accident I spoke with a witness who identified himself as Steele Price [sic]. Mr. Price [sic] stated to me that he observed [Swetmon's vehicle] traveling west bound on Chattahoochee Avenue in the curb lane. He further stated he saw a Mayflower moving truck next to [Swetmon's vehicle] in the median lane and that the moving truck went into [Swetmon's] lane and [Swetmon's vehicle] ran up on the curb and down the [sidewalk] and struck a utility pole." Pepples recorded Steele's statements to him in the "remarks" section of the Motor Vehicle Accident Report, which he attached to his affidavit.

The trial court denied State Farm's motion, implicitly finding that the competing affidavits submitted by Steele and Pepples create a genuine issue of material fact. We agree.

On appeal, State Farm argues that Officer Pepples' affidavit and the police report contain unsupported hearsay that cannot rebut Price Steele's affidavit. "It is well-established that all hearsay evidence, unsupported conclusions, and the like, must be stricken or eliminated from consideration in a motion for summary judgment. [Cit.]" *Butler v. Bolton Road Partners*, 222 Ga. App. 791, 794 (2) (476 SE2d 265) (1996). Officer Pepples' affidavit, however, represents a prior inconsistent statement from Price Steele. As we have previously held, the non-moving party can " 'withstand a motion for summary judgment by submitting sworn testimony averring personal

---

[1] At various points in the record, Price Steele is incorrectly referred to as "Steele Price."

knowledge of the existence of a prior inconsistent statement made by the witness upon whose sworn testimony the movant relies.' [Cit.]" *Lowe v. Hadley*, 193 Ga. App. 525 (388 SE2d 394) (1989).

In response to Steele's denials on summary judgment, Swetmon submitted Pepples' testimony regarding his personal knowledge of Steele's prior inconsistent statement. Rather than inadmissible hearsay, Pepples' affidavit constitutes substantive evidence creating a jury question as to whether Steele witnessed the collision and how it occurred. Id.

This case is distinguishable from *Yates v. Doe*, 190 Ga. App. 367 (378 SE2d 739) (1989), upon which State Farm relies. In *Yates*, the uninsured motorist claimant submitted an affidavit from the investigating officer, who averred that an unidentified witness at the collision scene appeared to agree to the facts as stated by the claimant. The officer did not speak with the witness, and the claimant could not testify as to what the stranger had seen. We found no probative evidence that the unidentified stranger was an eyewitness to the collision, requiring summary judgment for the uninsured motorist carrier. *Yates*, supra at 368-369.

In contrast, Swetmon presented evidence that Steele fully witnessed the collision and described the incident to Pepples in a manner corroborating Swetmon's version of how it occurred, as required by OCGA § 33-7-11 (b) (2). Accordingly, the trial court properly denied State Farm's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 16, 1997.

*Sharon W. Ware & Associates, Kay D. Thompson*, for appellant. *McKinney & Salo, Sonja L. Salo*, for appellee.