A00A0830. COROUTHERS v. DOE.
(536 SE2d 165)

ANDREWS, Presiding Judge.

Linda Corouthers brought a John Doe action to recover for personal injuries sustained when she walked into an object allegedly protruding from the back of a parked truck. After determining that her insurance policy did not provide coverage for this incident within the ambit of OCGA § 33-7-11 (b) (2), the trial court awarded summary judgment to Colonial Insurance Company of California (Colonial). Contending the incident was an insured event, Corouthers appeals. We disagree and affirm.

In reviewing the grant of summary judgment as here, we apply a de novo standard of review and consider the evidence with all reasonable inferences and conclusions in favor of the party opposing summary judgment. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996). When so viewed, the evidence established that Corouthers parked her vehicle 12 spaces down from the entrance of a Winn Dixie store. On a sunny day, at about 1:00 p.m., having com-

---

pleted her shopping, Corouthers proceeded toward her car, followed by a bag boy pushing her grocery cart. Nearly halfway there as she was walking down a row of parked vehicles, "[t]he object just struck me across the face." Corouthers testified that she never saw the object and never knew for certain what had cut her face. Corouthers immediately called for help from a friend, Berlyndia Hodges, whom she had just walked past. According to Hodges, Corouthers was covering her face with her hands to staunch the flow of blood and was "[s]tanding beside a truck with a long iron pole hanging off the truck." Hodges noticed a single pole "sticking out several feet." She testified that the tailgate was up and the pole was resting on top of the tailgate. Hodges provided immediate aid to the bleeding Corouthers and drove her to a nearby hospital. Corouthers never returned for the groceries. No evidence indicates that any note or notice was left on the truck. Neither woman wrote down the license of the vehicle.

The owner of the truck and the pole or the protruding object was never established, so Corouthers sued John Doe under OCGA § 33-7-11 (b) (2) to recover from her uninsured motorist carrier, Colonial. In her lawsuit, Corouthers alleged that she "was struck across her face and nose by boards protruding from 'John Doe's' vehicle." Among other defenses, Colonial claimed that Corouthers "did not sustain damage to her person as a result of physical contact with a motor vehicle as required to recover uninsured motorist benefits."

In moving for summary judgment, Colonial argued that to recover under the uninsured motorist statute, "actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured." OCGA § 33-7-11 (b) (2). In granting summary judgment to Colonial, the trial court found that Corouthers' contact with the object was not enough to trigger coverage because the object was not an integral part of the vehicle.

1. Corouthers contends the trial court erred in finding that her claim did not fall within the coverage required by OCGA § 33-7-11 (b) (2). She argues that she satisfied Part II, "Uninsured Motorist Coverage," of her policy which requires that "[t]he bodily injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured motor vehicle." Relying upon *Southeastern Fidelity Ins. Co. v. Stevens*, 142 Ga. App. 562, 564 (1) (236 SE2d 550) (1977), she asserts that the vehicle need not exert any physical force upon the instrumentality which was the immediate cause of the injury.

Corouthers overlooks the fundamental fact that Part II of her policy was explicitly replaced in its entirety by a "Georgia Uninsured Motorist Endorsement (C494)." In the context of "bodily injury," since

this endorsement makes no mention of the language she extracted from Part II of her policy, her reliance upon cases interpreting the meaning of "use" of a vehicle and "arise out of" is misplaced.

Instead, subsection (3) (c) of the uninsured motorist endorsement at issue defines an "[u]ninsured motor vehicle" to mean "a land motor vehicle or trailer of any type: . . . which is a hit-and-run vehicle whose operator or owner is unknown and which hits or causes an *accident* resulting in *bodily injury* or *property damage* without hitting: (i) *you.* . . ." (Emphasis in original.) The endorsement further provides, "[i]f there is no physical contact with the hit-and-run vehicle the facts of the accident must be corroborated by competent evidence of any eyewitness other than a person making a claim under this or any similar coverage."

Even assuming that the incident occurred precisely as alleged, the dispositive issue is whether a pedestrian injured as a result of walking into a stationary object located in the back of a parked vehicle can obtain uninsured motorist benefits. Having reviewed this policy, we find she cannot. See *Marsh v. Chrysler Ins. Co.*, 169 Ga. App. 639, 640 (1) (314 SE2d 475) (1984) (when an insurance contract provision is clear and unambiguous, its interpretation is a matter for the court).

To avert summary judgment befalling her claim, Corouthers had to offer some proof showing the existence of: (1) a land motor vehicle or trailer; (2) which was a hit-and-run vehicle; (3) whose operator or owner was unknown; and (4) which hit or caused an accident resulting in bodily injury. But the record is devoid of any evidence that this stationary pickup truck parked within a grocery store lot was a "hit-and-run" vehicle within the meaning of this section. It is undisputed that the vehicle did not move or otherwise strike or hit Corouthers. See *Melvin v. State*, 225 Ga. App. 169, 171 (2) (483 SE2d 146) (1997) (OCGA § 40-6-270 imposes certain duties on the driver of any vehicle involved in an accident resulting in injury to a person). No evidence even hints that the operator or owner of the unoccupied truck was aware that someone had been injured. Nor does the record contain evidence suggesting that the vehicle and its driver "ran" or fled from the scene. See, e.g., *Painter v. Continental Ins. Co.*, 233 Ga. App. 436, 438 (2) (504 SE2d 285) (1998) (when no physical contact made with unknown driver's vehicle, then claim against driver of phantom vehicle must be corroborated).

Corouthers apparently walked into a protruding object, probably a section of pipe. The truck did not hit her. Instead, the physical contact occurred solely between her and an object. But under the express terms of the policy, a "hit-and-run vehicle" must cause the accident, not an object of some kind. See *Cole v. New Hampshire Ins. Co.*, 188 Ga. App. 327, 329 (373 SE2d 36) (1988). A piece of pipe resting in a

truck bed is not such an integral part or component of a vehicle so as to be deemed a "vehicle." See *Murphy v. Ga. Gen. Ins. Co.*, 208 Ga. App. 501 (431 SE2d 147) (1993) (no uninsured motorist coverage where corroboration requirement was lacking to support claim that pipe fell from the bed of an unknown truck striking the plaintiff's windshield and causing him to lose control of his vehicle). Compare *State Farm Fire &c. Co. v. Guest*, 203 Ga. App. 711 (417 SE2d 419) (1992) (physical precedent only) (tire and rim assembly regarded as integral part of vehicle).

Nor can the uninsured motorist statute save her case. See OCGA § 33-7-11 (b). Colonial's liability, if any, is contractual, not statutory. See *Walker v. United Svcs. Auto. Assn.*, 205 Ga. App. 693 (423 SE2d 299) (1992). In fact, the endorsement at issue appears to afford more liberal uninsured motorist coverage than required by statute. See id. (parties may contract for greater protection than mandated by statute). Further, since it is undisputed that no one saw the incident as it was occurring, Corouthers cannot comply with OCGA § 33-7-11 (b) (2) which mandates independent corroboration. *Bone v. State Farm Mut. Ins.*, 215 Ga. App. 782, 783 (452 SE2d 523) (1994) (in the absence of actual physical contact with a vehicle, circumstantial evidence cannot supply the necessary corroboration).

2. In light of the above holding, Corouthers' claim that a jury must resolve her case is now moot.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 13, 2000.

*Smith & Jenkins, Wilson R. Smith*, for appellant.
*Karsman, Brooks & Callaway, Timothy J. Haeussler*, for appellee.