## A02A1354. TORSTENSON v. DOE.
(571 SE2d 432)

PHIPPS, Judge.

Rose Torstenson sued an unknown driver for personal injuries she sustained when a piece of metal flew from his truck and struck the windshield of her van. She served Allstate Insurance Company, her uninsured motorist carrier, which later moved for summary judgment. The trial court granted Allstate's motion because Torstenson failed to meet OCGA § 33-7-11 (b) (2)'s requirement that an uninsured motorist claimant present proof either that her vehicle had actual physical contact with the unidentified vehicle or that an eyewitness can corroborate her description of the incident. Torstenson appeals, but we agree with the trial court that she failed to satisfy the statutory requirement.

The material facts are not in dispute. Torstenson was driving her van north on Interstate 95 near Brunswick in heavy traffic. Her husband, who is now deceased, was sitting in the backseat. Suddenly a metal object flew from a pickup truck ahead of the van and hit the van's windshield, causing "spider web cracks." Although the van "whip[ped]" onto the shoulder, Torstenson maintained control of it and was able to return to her lane. She saw the license plate number of the pickup truck and reported it to the police, but the identity of the owner was never discovered. Torstenson claims that she suffered personal injuries as a result of the incident.

Under OCGA § 33-7-11 (b) (2), a motor vehicle is deemed uninsured if its owner or operator is unknown. To recover under an uninsured motorist policy, the claimant must show that "actual physical contact" occurred between her vehicle and the unknown motorist's vehicle.[1] Actual physical contact is not necessary, however, "if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant."[2] Thus, the claimant must either prove actual physical contact or pro-

---

[1] OCGA § 33-7-11 (b) (2).

[2] Id.

vide a corroborating eyewitness. Torstenson claims, contrary to the trial court's ruling, that she did both. We disagree.

1. Torstenson argues that contact between her van and the metal object that flew from the pickup truck is sufficient to establish OCGA § 33-7-11 (b) (2)'s "actual physical contact" requirement. Our decision in *Murphy v. Ga. Gen. Ins. Co.*,[3] however, forecloses that argument.

In *Murphy*, the plaintiff claimed that a pipe fell from the bed of an unknown pickup truck, striking his windshield. We held that there was no actual physical contact between the unknown vehicle and the plaintiff's vehicle. The facts of this case are virtually indistinguishable from those of *Murphy*, and the result must be the same: the statutory "actual physical contact" requirement is not satisfied.[4]

Torstenson cites *State Farm Fire &c. Co. v. Guest*,[5] in which we held that an insured whose vehicle struck a tire assembly lying in the road had a claim under her uninsured motorist endorsement. The insured alleged that the tire assembly had detached from an unknown truck. This court found that OCGA § 33-7-11 (b) (2)'s physical contact requirement could be met by showing that the insured's vehicle made contact with an "integral part" of an unknown vehicle.[6] Because a tire assembly is an "integral part" of a motor vehicle, the insured had satisfied the statute.

*Guest* does not apply here. Torstenson alleged in her complaint that her van was struck by "several items which were being hauled by the pick up truck." In her deposition, she described the object that hit her van as a "piece of metal" that "looked like something . . . that came off of a trailer" and was similar to "[c]orrugated metal like we see on the roofs of sheds." This undisputed evidence indicates that Torstenson's van was hit not by an "integral part" of the truck, but by cargo carried by the truck.

2. Torstenson also argues that an eyewitness to the incident — namely, her deceased husband — corroborated her account of it. Torstenson offered virtually identical affidavits from two of her adult children, her husband's stepchildren. Each affidavit states that the affiant saw Torstenson and her husband the day of the incident and that "both reported . . . that they had been traveling Northbound on Interstate 95 near Brunswick, Georgia, behind a truck hauling tires when a piece fell off the truck and hit the windshield of their automo-

---

[3] 208 Ga. App. 501 (431 SE2d 147) (1993).

[4] See also *Fisher v. Clarendon Nat. Ins. Co.*, 210 Ga. App. 711, 713-714 (2) (b) (437 SE2d 344) (1993) (statutory physical contact requirement was not met where bullets were fired from unknown car into insured's truck); *Scott v. Allstate Ins. Co.*, 200 Ga. App. 296 (407 SE2d 492) (1991) (insured had no uninsured motorist claim where cardboard box allegedly fell from truck, causing collision involving his vehicle).

[5] 203 Ga. App. 711 (417 SE2d 419) (1992) (physical precedent only).

[6] Id. at 714.

bile." Each affidavit also states that, before Mr. Torstenson's death, he reported to the affiant "on a number of occasions the details of the incident of which he was an eyewitness."

Only admissible evidence can satisfy OCGA § 33-7-11 (b) (2)'s corroboration requirement.[7] Torstenson argues that her husband's out-of-court statements are admissible either as original evidence under OCGA § 24-3-2 or under the necessity exception to the hearsay rule. We do not agree.

(a) Out-of-court statements used to "explain conduct and ascertain motives" are admissible not as hearsay, but as original evidence.[8] Contrary to Torstenson's assertions, her husband's statements are offered not to show his conduct or motive, but as corroboration of a crucial element of her claim — that the object that hit her van's windshield came from an unidentified truck. Thus, the statements are offered for the truth of the matter asserted, and they are not admissible under OCGA § 24-3-2.[9]

(b) To introduce an out-of-court statement under the necessity exception to the hearsay rule, a party must show that the statement is both necessary and trustworthy.[10] The trial court found that Torstenson satisfied neither requirement. We review that decision for abuse of discretion.[11]

To establish that her husband's statements were trustworthy, Torstenson must point to "something present which the law considers a substitute for the oath of the declarant and his cross examination by the party against whom the hearsay is offered."[12] In determining whether this requirement has been met, the trial court should consider the totality of the circumstances under which the statements were made.[13]

Here, the court found no circumstances supporting the reliability of Torstenson's husband's statements:

> In reviewing the two affidavits [of Torstenson's children], the Court notes again that they are nearly identical and do little more than report that statements of corroboration were made. The affidavits indicate that the first occasion on which the statements were made was when the declarant and [Torstenson] arrived at one of the affiant's homes after

---

[7] See State Farm &c. Ins. Co. v. Swetmon, 228 Ga. App. 538, 539 (492 SE2d 678) (1997).

[8] OCGA § 24-3-2.

[9] See Harrison v. Jenkins, 235 Ga. App. 665, 670 (2) (510 SE2d 345) (1998).

[10] Lewis v. Emory Univ., 235 Ga. App. 811, 816 (2) (509 SE2d 635) (1998).

[11] Dodd v. Scott, 250 Ga. App. 32, 35 (2) (550 SE2d 444) (2001).

[12] (Citation and emphasis omitted.) Swain v. C & S Bank of Albany, 258 Ga. 547, 549 (1) (372 SE2d 423) (1988).

[13] Ward v. State, 271 Ga. 648, 650 (2) (520 SE2d 205) (1999).

the wreck. And yet, the statements appear to clearly arise from a joint discussion with declarant and [Torstenson]. Rather than focusing on what was said by the declarant, what his apparent state of mind was, what the setting was in which the statements were made, the affidavits use the term "both reported" twice to describe the circumstances. . . . The affidavits each include one more summary statement to indicate that before his death the declarant "reported to him [her] on a number of occasions the details of the incident of which he was an eyewitness." But the affidavits give the Court no details or flavor of the declarations to determine if they meet the high standard of being a "circumstantial guaranty of trustworthiness" or "something the law considers the substitute for the oath of the declarant and his cross examination."

In addition, we note that the statements were made to family members rather than to a disinterested third party such as the police officer to whom Torstenson reported the incident,[14] and that the statements were in Torstenson's husband's self-interest.[15] Under the totality of the circumstances, the trial court did not abuse its discretion in concluding that the statements lacked sufficient indicia of trustworthiness and therefore did not qualify for admission under the necessity exception to the hearsay rule.[16]

In the absence of physical contact between the vehicles or any admissible corroborating eyewitness evidence, Torstenson failed to satisfy the requirements of OCGA § 33-7-11 (b) (2). Accordingly, the trial court properly granted summary judgment to Allstate.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 16, 2002 — 

*Callaway, Neville & Brinson, William J. Neville, Jr.*, for appellant.

*Karsman, Brooks & Callaway, R. Kran Riddle*, for appellee.

---

[14] Compare *Herring v. State*, 252 Ga. App. 4, 8 (2) (555 SE2d 233) (2001) (fact that out-of-court statement was made to police during official rape investigation bolstered its credibility).

[15] See *Dodd*, supra at 36-37 (2) (b) (statement favorable to interest of declarant was not reliable).

[16] In light of this ruling, we need not decide whether Torstenson also failed to establish that the statements were necessary.