A03A0308. HAMBRICK v. STATE FARM FIRE & CASUALTY
COMPANY.
(581 SE2d 299)

JOHNSON, Presiding Judge.

Frances Hambrick was driving on I-285 when the vehicle immediately in front of her swerved in an apparent attempt to avoid hitting an object in the roadway. The driver in front of Hambrick struck the object, and it rolled into the front of Hambrick's car. Hambrick struck the object and temporarily lost control of her car. The object, which was either the bottom of a construction barrel or a manhole cover, continued to roll down the highway. Hambrick managed to pull over into the emergency lane, but in doing so, struck a guardrail. The driver of the vehicle in front of Hambrick did not stop. Hambrick's car was damaged, and she suffered injuries to her neck, knee, and shoulder.

Hambrick filed an uninsured motorist claim with her insurer, State Farm Fire & Casualty Company, to be compensated for damage to her car and injuries to her neck, knee, and shoulder. State Farm paid Hambrick for the damage to her car and for her medical expenses, but did not pay her claim for pain and suffering.

Hambrick sued John Doe, alleging in the complaint that the driver of the other vehicle negligently drove into a construction area, struck a construction barrel, and caused a piece of the barrel to strike her car. That negligence, Hambrick alleged, caused her injuries. State Farm answered the complaint in its own name, denying that the accident qualified as a valid uninsured motorist claim. The trial court granted State Farm's motion for summary judgment, and Hambrick appeals. We affirm the judgment of the trial court.

The purpose of the Uninsured Motorist Act is to provide coverage for injuries to persons who are legally entitled to recover damages from an uninsured motorist, and thereby to protect innocent victims from the negligence of irresponsible drivers.[1] Under OCGA § 33-7-11 (b) (2), a motor vehicle is deemed uninsured if its owner or operator is

---

[1] *Phillips v. South West Mechanical Contractors*, 254 Ga. App. 144, 147 (2) (b) (561 SE2d 471) (2002).

unknown. To recover under an uninsured motorist policy, the claimant must show that "actual physical contact" occurred between her vehicle and the unknown motorist's vehicle.[2] Actual physical contact is not necessary, however, if the description by the claimant of how the accident occurred is corroborated by an eyewitness other than the claimant.[3] Of course, the insured must also prove that the uninsured was negligent in order to recover under her uninsured motorist coverage.[4] On summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that the undisputed facts, viewed in the light most favorable to the nonmoving party, require judgment as a matter of law.[5]

In this case, State Farm points to the absence of evidence showing that the unknown driver's acts or omissions constituted negligence. State Farm also points out that there was no actual contact between the John Doe vehicle and Hambrick's car, and there is no eyewitness testimony corroborating Hambrick's recollection of how the accident occurred.[6]

In response, Hambrick fails to come forward with any evidence which raises a question of fact as to the unknown driver's negligence.[7] The mere fact that an accident happened affords no basis for recovery unless it is shown that the accident was caused by specific acts of negligence;[8] the insured must be able to prove that the unknown driver was negligent. The fact that the unknown driver struck an object on the highway and that the object struck Hambrick's car, without more, is not evidence of negligence.[9] The facts before us simply do not support a negligence claim against the unknown driver.

In the absence of physical contact between the vehicles or any admissible corroborating eyewitness evidence, Hambrick has failed to satisfy the requirements of OCGA § 33-7-11 (b) (2). In a case such as this, where the plaintiff has not proven liability, we do not reach the question of the amount of her damages.

There being no evidence that Hambrick is legally entitled to recover damages from the uninsured motorist, the trial court did not err in granting summary judgment to State Farm.[10]

---

[2] *Torstenson v. Doe*, 257 Ga. App. 389-390 (571 SE2d 432) (2002).

[3] Id.

[4] See *Phillips*, supra.

[5] *State Farm &c. Ins. Co. v. Swetmon*, 228 Ga. App. 538 (492 SE2d 678) (1997).

[6] See *Phillips*, supra; *Corouthers v. Doe*, 244 Ga. App. 491, 493 (1) (536 SE2d 165) (2000).

[7] See *Etheredge v. Kersey*, 236 Ga. App. 243, 245 (510 SE2d 544) (1998).

[8] *Berry v. Hamilton*, 246 Ga. App. 608, 609 (541 SE2d 428) (2000).

[9] See generally *Corouthers*, supra.

[10] See *Phillips*, supra; *Torstenson*, supra.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED MARCH 13, 2003 —

Frances Hambrick, *pro se.*
Cooper & Makarenko, Gary M. Cooper, for appellee.