A06A2107. HOHMAN v. STATE FARM FIRE & CASUALTY
AUTOMOBILE INSURANCE COMPANY.
(641 SE2d 650)

ADAMS, Judge.

Plaintiff Jane Hohman appeals from the grant of summary judgment to defendant State Farm Fire & Casualty Automobile Insurance Company, her uninsured motorist insurance carrier, on her John Doe uninsured motorist claim.

The following facts are pertinent here: Hohman was injured when she swerved to avoid the vehicle in front of her, causing her to lose control of her vehicle and travel across the median, striking two other vehicles. Hohman subsequently filed a John Doe complaint against an unknown defendant, serving her insurer State Farm, alleging that due to the negligence of the John Doe defendant, there was a ladder in the highway which caused the first driver to swerve into her path, setting off the chain of events that resulted in her injuries. Hohman did not assert that she actually observed the ladder

in the highway, and State Farm does not contend that it was necessary for her to have done so. Rather, State Farm contends that the fatal defect in Hohman's uninsured motorist claim under OCGA § 33-7-11 is that neither she nor any other witness can establish that the ladder fell from an unknown vehicle onto the highway.

Pursuant to OCGA § 33-7-11 (b) (2):

> A motor vehicle shall be deemed to be uninsured if the owner or operator of the motor vehicle is unknown. . . . [I]n order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured. Such physical contact shall not be required if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant.

Thus, a plaintiff is required to establish either actual physical contact between the vehicle he occupied and the vehicle of the unknown party, or to provide corroboration from an eyewitness of his description of how the occurrence occurred. In this case, physical contact is not at issue; thus the issue here concerns corroboration of Hohman's description of how the accident occurred. "The corroboration required by the eyewitness account is corroboration of that portion of the claimant's description asserting the existence of a phantom vehicle which caused the incident; that is, existence and causation." *Painter v. Continental Ins. Co.*, 233 Ga. App. 436, 439 (2) (504 SE2d 285) (1998). As we have previously noted: "[T]he statute requires that the claimant's description of how the accident occurred 'be corroborated *in its material allegation*, i.e., implication of the unidentified vehicle. . . .' " (Emphasis in original.) *Nat. Surety Corp. v. O'Dell*, 195 Ga. App. 374, 375-376 (393 SE2d 504) (1990), citing *Hoffman v. Doe*, 191 Ga. App. 319, 321 (381 SE2d 546) (1989).

For the purpose of deciding the motion for summary judgment, State Farm agrees that there is an eyewitness who would give corroborating testimony that there was a ladder in the highway which caused the first driver to swerve into Hohman's path, resulting in her traveling across the median and striking other vehicles. However, State Farm argues that it was entitled to summary judgment on Hohman's claim because no eyewitness can corroborate her contention that the John Doe defendant was negligent in failing to properly secure a ladder to his vehicle and in leaving the ladder in the roadway since no witness, including Hohman, saw a vehicle carrying

a ladder or saw a ladder fall onto the highway from a vehicle.[1] Relying on, inter alia, *State Farm Fire &c. Co. v. Guest*, 203 Ga. App. 711 (417 SE2d 419) (1992), Hohman argues, however, that the trial court erred in granting State Farm's motion for summary judgment because a jury could infer the ladder fell from a vehicle onto the highway.

However, this Court has declined to extend *Guest* to those situations not involving an object which can be classified as an "integral part" of a motor vehicle. See *Torstenson v. Doe*, 257 Ga. App. 389, 390 (571 SE2d 432) (2002). As we explained in *Murphy v. Ga. Gen. Ins. Co.*, 208 Ga. App. 501, 502 (431 SE2d 147) (1993):

> Plaintiff's reliance on our ... decision in *State Farm Fire &c. Co. v. Guest*, 203 Ga. App. 711 (417 SE2d 419) (1992) is misplaced, both because *Guest* offers only physical precedent and this case is factually distinguishable from *Guest*. In *Guest*, the plaintiff's vehicle struck an "integral part" (a tire assembly) of an unknown vehicle. Id. at 711. In this case, however, plaintiff's vehicle struck a pipe which he alleges was being transported as cargo and fell off an unknown truck. The pipe clearly is not a component or "integral part" of the unknown truck. Accordingly, plaintiff's argument that this case is governed by *Guest* must fail.

Id.[2]

We agree with State Farm that more apposite to the facts here is our opinion in *Scott v. Allstate Ins. Co.*, 200 Ga. App. 296, 297 (407 SE2d 492) (1991). In that case this Court upheld summary judgment for the insurer when no eyewitness could corroborate the insured's account that a box flew off a truck that kept going, even though several eyewitnesses could testify that they saw the box on the roadway or saw the box after it was struck by another driver. In that circumstance we held that "as no eyewitness corroborated Mrs. Scott's description of the occurrence, the Scotts' reliance on corroboration of their claim by circumstantial evidence is misplaced." Id.

---

[1] From our reading of the transcript from the summary judgment hearing, it appears that State Farm agreed that plaintiff herself was not required to have witnessed how the ladder came to be on the highway if other witnesses could testify about that issue. In State Farm's view, the relevant fact for purposes of deciding the summary judgment motion is that "there isn't corroborating witness[es] of how it got there, and the plaintiff doesn't even know how it got there."

[2] See also *J. C. Penney Cas. Ins. Co. v. Woodard*, 190 Ga. App. 727 (380 SE2d 282) (1989) (unclear whether jury verdict was upheld because physical contact requirement met based on ramp on highway being an integral part of vehicle from which it had presumably fallen).

Also instructive is the more recent case of *Hambrick v. State Farm Fire &c. Co.*, 260 Ga. App. 266 (581 SE2d 299) (2003). In *Hambrick* the insured was injured when she struck an object in the highway, which was described as either a manhole cover or the bottom of a construction barrel. Id. In her John Doe complaint, Hambrick alleged that the driver of an unknown vehicle negligently drove into a construction area, struck a construction barrel and caused a piece of the barrel to strike her car. The insurer filed a motion for summary judgment, pointing to the absence of evidence showing that the unknown driver's acts or omissions constituted negligence, and the absence of both physical contact between the insured's vehicle and the unknown vehicle and the absence of eyewitness testimony "corroborating [the insured's] recollection of how the accident occurred." Id. at 267. In upholding the grant of summary judgment to the insurer, we noted that

> [t]he mere fact that an accident happened affords no basis for recovery unless it is shown that the accident was caused by specific acts of negligence; the insured must be able to prove that the unknown driver was negligent. The fact that the unknown driver struck an object on the highway and that the object struck [the insured's] car, without more, is not evidence of negligence. The facts before us simply do not support a negligence claim against the unknown driver.

(Footnote omitted.) Id.

In this case, there was no witness to corroborate Hohman's description, as set forth in her complaint, that the accident occurred because a negligently secured ladder fell from an unknown vehicle onto the roadway. Accordingly, the trial court did not err by granting summary judgment to State Farm. Cf. *Meredith v. Nationwide Mut. Fire Ins. Co.*, 215 Ga. App. 286, 287-288 (450 SE2d 322) (1994) (eyewitness testimony corroborated insured's contention concerning the existence of an unknown vehicle and implicated that vehicle as a causal factor in the underlying occurrence).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

Decided February 5, 2007 — 

*Raymond T. Brooks, Jr.*, for appellant.
*Cooper & Makarenko, Gary M. Cooper*, for appellee.