**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 19, 2015**

# In the Court of Appeals of Georgia

A15A0855.   AMERICAN   ALTERNATIVE   INSURANCE
COMPANY v. JAMES LAWRENCE BENNETT.

BOGGS, Judge.

In this insurance coverage case, American Alternative Insurance Company ("AAIC") appeals from the trial court's grant of partial summary judgment in favor of James Lawrence Bennett as well as the denial of its motion for summary judgment. For the reasons explained below, we reverse.

"On appeal from the denial or grant of summary judgment, [the appellate court] must conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citation omitted.) *Northwest Carpets v. First Nat. Bank*, 280 Ga. 535, 538 (1) (630

SE2d 407) (2006). So viewed, the record shows that AAIC issued a Business Automobile Policy insuring Billy Scott and/or Billy Scott Logging, including uninsured motorist coverage which was in effect at the time of the collision. Bennett was an employee of Billy Scott Logging at the time of the incident.

On February 15, 2012, Bennett was traveling west on GA 32 in Brantley County while driving a Freightliner tractor-trailer truck. He was traveling alone, and the truck was empty at the time. A tractor-trailer hauling a load of logs approached him traveling in the opposite direction. It is undisputed that as the two tractor-trailers passed each other, "a log hanging off of the oncoming log truck struck plaintiff's tractor, shattering the windshield and causing shattered glass to impact the plaintiff's eyes and face." It is further undisputed that there were no eyewitnesses to the incident, no part of the oncoming logging truck made any contact with Bennett's truck, the logging truck did not stop, and the owner and driver of the logging truck have not been identified.

Bennett filed suit in Bacon County State Court against three John Does: the operator and the owner of the logging truck, as well as the employer of the operator of the logging truck. He served AAIC, his employer's uninsured motorist carrier, and

Southern General, his personal uninsured motorist carrier.[1] AAIC and Bennett both filed motions for summary judgment, and the trial court granted Bennett's motion for summary judgment and denied AAIC's motion, finding as follows:

> Whether an attached log is an integral part of the unknown log truck is a question of fact. There is an unopposed expert affidavit stating an attached log is an integral part of a log truck in evidence. As such, the undisputed facts establish the attached log was an integral part of the unknown log truck.

Thereafter, AAIC and Bennett filed a stipulation as to damages only, reserving AAIC's right to appeal the grant of summary judgment, and the trial court issued a final judgment in the case. AAIC now appeals.

AAIC asserts that the trial court erred when it determined that AAIC was liable for uninsured motorist coverage in this case, because no actual physical contact between the trucks occurred and no eyewitness was present to corroborate Bennett's account of the incident. We agree.

OCGA § 33-7-11 (b) (2) provides:

> . . . [I]n order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact shall have occurred between the motor vehicle owned or operated by the

---

[1] The court entered a consent order of dismissal as to Southern General after Southern General reached a settlement agreement with Bennett.

3

> unknown person and the person or property of the insured. Such physical contact shall not be required if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant.

The clear language of the statute mandates that unless the occurrence is corroborated by an eyewitness – which is not the case here – "actual physical contact" must occur "between the motor vehicle owned or operated by the unknown person and the person or property of the insured." See *Yates v. Doe*, 190 Ga. App. 367 (378 SE2d 739) (1989) (without evidence of contact between vehicles or firsthand testimony corroborating appellant's claim of how unknown vehicle caused accident, as required by OCGA § 33-7-11 (b) (2), trial court properly granted summary judgment to uninsured motorist carrier).

To circumvent his inability to meet the clear statutory requirement, Bennett relies on *State Farm Fire & Casualty Co. v. Guest*, 203 Ga. App. 711 (417 SE2d 419) (1992) (physical precedent only), in which two judges of this Court relied on a Michigan case to find that OCGA § 33-7-11 (b) (2)'s "actual physical contact" requirement can be met by showing that the insured's vehicle made contact with an "integral part" of an unknown vehicle. Id. at 712-713. There, the insured struck a tire and rim assembly lying in the road. Two judges concluded that because a tire and rim

4

assembly is an "integral part" of a motor vehicle, the insured had a claim under her uninsured motorist endorsement.

We first note that because one judge in *Guest* focused on the sufficiency of corroborating eyewitness testimony and two judges decided the case on the alternative basis of actual physical contact, the case is nonprecedential and therefore not binding on this Court. See Court of Appeals Rule 33 (a); *Bituminous Ins. Co. v. Coker*, 314 Ga. App. 30, 36 n.4 (722 SE2d 879) (2012). Moreover, no Georgia case has ever followed the nonprecedential statement made in *Guest*, and this Court repeatedly has declined to extend coverage to those situations not involving actual physical contact or eyewitness testimony. See *Hohman v. State Farm Fire &c. Ins. Co.*, 283 Ga. App. 430 (641 SE2d 650) (2007) (negligently secured ladder falling from unknown vehicle did not meet the physical contact requirement); *Torstenson v. Doe*, 257 Ga. App. 389, 390 (1) (571 SE2d 432) (2002) (metal object that flew from truck and struck windshield of van did not satisfy "actual physical contact" requirement); *Murphy v. Ga. Gen. Ins. Co.*, 208 Ga. App. 501, 502 (431 SE2d 147) (1993) (pipe allegedly falling from bed of unknown truck and striking windshield of insured vehicle did not meet physical contact requirement); *Scott v. Allstate Ins. Co.*,

200 Ga. App. 296 (407 SE2d 492) (1991) (box allegedly falling off truck and causing collision insufficient to avoid summary judgment absent eyewitness corroboration).

Bennett's reliance on *Guest* is misplaced, primarily because *Guest* is nonprecedential. In any event, this case is factually distinguishable from *Guest*. Unlike the tire and rim assembly in *Guest*, Bennett alleged in his complaint that his truck was struck by "a log being carried as cargo on the log truck." Clearly, the log was cargo carried by the truck; it was not a component or "integral part" of the unknown truck. The fact that the log may have been tied down or attached to the back of the truck is irrelevant. Metal pipes may be tied down and attached to the back of a truck, but as we have previously held*,* a pipe resting in a truck bed "is not such an integral part or component of a vehicle so as to be deemed a 'vehicle.'" *Corouthers v. Doe*, 244 Ga. App. 491, 493-494 (1) (536 SE2d 165) (2000). In addition, the fact that logs were being transported by a logging truck in this case does not change the outcome or make the logs an integral part of the truck. The word "integral" is generally and most commonly understood to mean "essential to completeness." Webster's Third New International Dictionary of the English Language Unabridged 1173 (1976). A cargo load of logs is not essential to the completeness of the tractor-

trailer. In fact, Bennett testified that he was operating an empty logging truck at the time of the incident.

The trial court's reliance on the affidavit of the law enforcement officer likewise is misplaced. In his affidavit, the officer made the unsupported and conclusory assertion, "When the log is securely attached to the trailer by the chain or strap it is an integral part of the vehicle traveling on the public road." "But [u]ltimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary judgment motion." (Citation and punctuation omitted.) *Dickson v. Dickson*, 238 Ga. 672, 674 (4) (235 SE2d 479) (1977); *Cantera v. Am. Heritage Life Ins. Co.*, 274 Ga. App. 307, 311 (617 SE2d 259) (2005) (conclusory assertion of ultimate fact insufficient to support summary judgment); *Johnson*, supra at 44-45. "[A]ffidavits containing mere legal conclusions and allegations present no issue of fact on a motion for summary judgment. Indeed, such legal conclusions are to be disregarded in considering the affidavit in connection with the motion for summary judgment." (Citations and punctuation omitted.) *Crouch v. Bent Tree Community,* 310 Ga. App. 319, 322 (3) (713 SE2d 402) (2011). Whether the term "integral part of a vehicle" includes cargo carried by the vehicle is a question of law, which we answer in the negative. The officer's conclusory opinion as to what constitutes an "integral part"

7

of the vehicle therefore does not create an issue of fact, and the lower court erred in basing its grant of summary judgment on the officer's conclusion. The trial court's order granting summary judgment to Bennett and denying summary judgment to AAIC is reversed.

*Judgment reversed. Doyle, C. J. and Phipps, P. J., concur.*